Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178

Attorneys for Plaintiff CATHERINE BUI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BUI, an individual, | CASE NO.: CV08-08297SVW (FFMx) |
| Plaintiff, | COMPLAINT FOR |
| vs. | 1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; |
| ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION, a California professional corporation; ERICA LYNN BRACHFELD, an individual; and DOES 1 through 10, inclusive, | 2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; |
| | 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| | 4) UNLAWFUL BUSINESS PRACTICES; AND |
| Defendants. | 5) DECLARATORY RELIEF. |
| | DEMAND FOR JURY TRIAL |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202. Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

2. The plaintiff CATHERINE BUI ("Plaintiff"), is a natural person who, at all times relevant herein, resided Los Angeles, which is located in Los Angeles County, California.

3. Upon information and belief, defendant ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION (hereinafter "ELB"), a California professional corporation, had, at all times relevant to this complaint, its principal place of business located at 20300 S. Vermont Avenue, Suite 120, Torrance, California 90502. Upon information and belief, ERICA L. BRACHFELD ("BRACHFELD") was and is an individual residing in the County of Los Angeles, and at all times relevant herein was and is an attorney and the sole owner and officer of ELB.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

5. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

6. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

## III. FACTUAL ALLEGATIONS.

7. Plaintiff, who is not a minor, obtained a credit card solely for personal, family and household use. Upon information and belief, the creditor turned over the account to defendant ELB and BRACHFELD to collect the debt from Plaintiff.

8. Within the past year, in attempting to collect the alleged debt from Plaintiff, ELB, BRACHFELD, and DOES 1-5, inclusive, communicated with Plaintiff orally. At no point did said defendants indicate in writing or orally that Plaintiff had a right to request verification of the debt, or that they were debt collectors, and that any information obtained from Plaintiff would be used for that purpose.

9. In their oral communications with Plaintiff within the past year, ELB, BRACHFELD and DOES 1-5, added to the amounts they attempted to collect from Plaintiff fees and penalties not expressly authorized by law or by any agreement with Plaintiff, and attempted to collect such unauthorized fees. Such fees amounted to unlawful interest under applicable Federal and state law.

10. In attempting to collect a debt from Plaintiff, ELB, BRACHFELD, and DOES 1-5, repeatedly contacted members of Plaintiff's family with whom Plaintiff did not reside and revealed information about the debt.

11. In attempting to collect the debt from Plaintiff, an employee of ELB identified himself to Plaintiff over the telephone as "Attorney General Edwards," and informed Plaintiff that he had prepared the paperwork necessary to commence legal action against her, and that if she did not make immediate arrangements to pay the debt, he would file the paperwork in court the next morning. These representations were false.

12. Terrified by the threats from "Attorney General Edwards," Plaintiff gave the individual her bank account information and authorized a series of debits from her bank account, which would be applied to the outstanding balance. Plaintiff subsequently confirmed this arrangement over the telephone with BRACHFELD. Subsequently, the individual identifying himself as "Attorney General Edwards" left

a message with Plaintiff's sister indicating that the payment arrangement was no longer acceptable, and that Plaintiff would have to make new arrangements with ELB. Upon information and belief, ELB's personnel pretended to accept the arrangement in order to induce Plaintiff to divulge her bank account information to ELB.

## FIRST CLAIM FOR RELIEF
(For Violations of the FDCPA Against ELB, BRACHFELD, and DOES 1 through 5, inclusive)

13. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 12 above.

14. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Failing to provide within 5 days of its first communication with Plaintiff statutorily required language permitting Plaintiff the opportunity to verify the alleged debt, in violation of 15 U.S.C. §1692g(a);

b) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

c) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1);

e) Threatening legal action that was not intended, in violation of 15 U.S.C. §1692e(5);

f) Failing to disclose in the initial communication with the consumer that the debt collector was attempting to collect a debt and that any information obtained

will be used for that purpose; and failing to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. §1692e(11); and

g) Communicating with third parties, in violation of 15 U.S.C. §1692(b).

15. As a result of the above violations of the FDCPA, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
(For Violations of the Rosenthal Act Against ELB, BRACHFELD, and DOES 1 through 5, inclusive)

16. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 12 above.

17. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Representing that they were affiliated with a governmental agency, in violation of Civil Code section 1788.13(d);

b) Falsely representing to the Plaintiff that a legal proceeding was about to be instituted unless payment was made, in violation of 1788.13(j);

c) Communicating telephonically with Plaintiff with such frequency as to be unreasonable and to constitute harassment in violation of Civil Code section 1788.11(e); and

d) Communicating with members of Plaintiff's family about the debt in violation of Civil Code section 1788.12(b).

18. As a result of defendants' violations of the Rosenthal Act, pursuant to

Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

### THIRD CAUSE OF ACTION

(Intentional Infliction of Emotional Distress Against ELB, BRACHFELD, and DOES 1 - 5, Inclusive)

19. Plaintiff realleges and incorporates by this reference paragraphs 1 through 12, above.

20. In engaging in the aforementioned conduct, defendants intended to and did cause Plaintiff severe emotional distress.

21. Defendants' conduct was willful, wanton and oppressive, thus warranting an award of punitive and/or exemplary damages against ELB, BRACHFELD, and DOES 1 through 5, inclusive.

### FOURTH CAUSE OF ACTION

(Federal, State, and Common Law Unlawful Business Practices Against ELB, BRACHFELD, and DOES 1 - 5, Inclusive)

22. Plaintiff realleges and incorporates by this reference paragraphs 1 through 12, above.

23. Defendants' actions constitute unfair competition, including under California state law (including Business and Professions Code §§17200 et seq.) and common law.

24. Such actions taken by Defendants in violation of the law, and Plaintiff is entitled to various remedies including preliminary and permanent injunctive relief.

25. Defendants' conduct, as alleged herein, is causing Plaintiff irreparable harm, which cannot be adequately compensated or measured monetarily, and thus should be permanently enjoined.

## FIFTH CLAIM FOR RELIEF

(For Declaratory Relief Against ELB and DOES 1 through 5, inclusive)

26. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 12 above.

27. An actual and existing controversy now exists between the parties hereto, in that Plaintiff contends that the actions of ELB, BRACHFELD, and DOES 1-5, inclusive, constituted willful violations of the Fair Debt Collection Practices Act and/or the Rosenthal Fair Debt Collection Practices Act, while conversely, those defendants contend that their actions are consistent with all applicable laws governing collection agencies.

28. A judicial declaration that the conduct of defendants ELB, BRACHFELD, and DOES 1-5 violated applicable statutes is now just and appropriate.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c);

4. General damages, in an amount subject to proof at trial;

5. Punitive and/or exemplary damages;

6. Declaratory relief;

7. Injunctive relief; and

///
///
///

8. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff CATHERINE BUI requests a trial by jury.

DATED: December 16, 2008                    Respectfully submitted,

                                            By: _____
                                            Aidan W. Butler
                                            Attorney for Plaintiff
                                            CATHERINE BUI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**2:CV08- 8297 SVW (FFMx)**

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, CA 90010
Tel. (213) 388-5168
Fax (213) 388-5178

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CATHERINE BUI, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV08-08297 SVW (FFMx)** |
| v. | |
| ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION, a California professional corporation;        (see attached) | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Aidan W. Butler_____, whose address is _3540 Wilshire Blvd. Suite 1030, Los Angeles, CA 90010_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 17 2008__      By: _____NATALIE LONGORIA_____
                                    Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

---

CV-01A (12/07)                    SUMMONS

## ATTACHMENT TO SUMMONS (page 2 of 2) -

## ADDITIONAL DEFENDANTS:

ERICA LYNN BRACHFELD, an individual;
and DOES 1 through 10, inclusive,

        Defendants.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CATHERINE BUI, an individual,

**DEFENDANTS**
ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION, a California professional corporation; ERICA LYNN BRACHFELD, an individual; and DOES 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030, Los Angeles, CA 90010, (213) 388-5168

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ No amount specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. section 1692 et seq.; violations of the Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV08-08297

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved .

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ~~_____~~  Date Dec. 16, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |