Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, California 90010
Telephone:  (213) 388-5168
Telecopier: (213) 388-5178

Attorneys for Plaintiff CATHERINE BUI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BUI, an individual, | **CASE NO.: CV08-08297 SVW (FFMx)** |
| Plaintiff, | **JOINT STIPULATION RE DISCOVERY DISPUTE** |
| vs. | **DATE: June 23, 2009**<br>**TIME: 10:00 am** |
| ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION, a California professional corporation; ERICA LYNN BRACHFELD, an individual; and DOES 1 through 10, inclusive, | **COURTROOM: E (9th Floor Spring St.)**<br>**Discovery Cut-Off: None Set**<br>**Pretrial Conference: 7/20/09**<br>**Trial Date: 7/28/09** |
| Defendants. | |

COMES NOW plaintiff CATHERINE BUI and defendants ERICA L.

BRACHFELD, a California professional corporation, and  ERICA LYNN

BRACHFELD and, in accordance with Local Rule 37-2.1 and 27-2.1, submits their

Joint Stipulation, as follows:

/ / /

/ / /

/ / /

/ / /

## JOINT STIPULATION REGARDING DISCOVERY DISPUTE
## I. FACTUAL BACKGROUND.

Plaintiff's complaint includes causes of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), intentional infliction of emotional distress, unlawful business practices, and declaratory relief re: violations of the FDCPA and RFDCPA.

Defendant ERICA L. BRACHFELD is a California attorney; she and her professional corporation are debt collectors within the meaning of the FDCPA (Complaint, ¶6.)  Plaintiff alleges numerous specific violations of the FDCPA (Complaint, ¶¶8-12), including the allegation that someone from Defendant's collection agency claimed to be calling from the attorney general's office, and insisted that if Plaintiff did not disclose her personal bank account information and authorize an immediate withdrawal, a lawsuit would be filed the next day. (Complaint, ¶¶11-12).

On March 25, 2009, Plaintiff propounded special interrogatories and requests for production, set one.  True and correct copies are attached hereto as Exhibits "1" and "2," respectively.

At defendant's request, Plaintiff granted an extension of time to respond.

On or around May 1, 2009, the Defendants served responses to the special interrogatories as well as responses to the requests for production.   True and correct copies are attached hereto as Exhibits "3" and "4," respectively.

On May 4, 2009, Plaintiff's counsel sent a meet and confer letter pursuant to Local Rule 37-1 addressing problems with the discovery responses, and setting a time and date for the pre-filing conference.  A true and correct copy of the letter is attached hereto as Exhibit "5."  At the request of defense counsel, the pre-filing conference was re-scheduled to Monday, May 18, 2009.   The parties were able to resolve some of their disputes – at least tentatively.  The items as to which no

compromise was achieved are addressed in this joint stipulation.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS AND RESPONSES THERETO.

DOCUMENT REQUEST NO. 3:

YOUR employee handbook.

RESPONSE TO REQUEST NO. 3:

Defendant objects to the request on the grounds it is vague and ambiguous as to the term, "YOU."  Defendant further objects to the interrogatory on the grounds it is overly broad, unduly burdensome, calls for proprietary and confidential information and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims and Defendant's defendants thereto.

Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, Defendant will produce relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern Plaintiff's claims.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

As with most of her responses, Defendant's response to request number 3 includes various nuisance objections, such as "vague and ambiguous as to the term, 'YOU,'" and "calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims and Defendant's defendants [sic] thereto."

These are nuisance objections because "YOU" is clearly defined within the text of request number 1: "'YOU' shall refer to Erica L. Brachfeld, individually, and any debt collection company owned in full or in part by Erica L. Brachfeld which attempted to collect any debt from Plaintiff herein during the past three years."   The context adds additional clarity.

The notion that the request is "not relevant," etc., is equally specious. Defendant has raised the bona fire error defense of 15 U.S.C. §1692k(c) as her seventh affirmative defense.  That section provides: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  In other words, Defendant has claimed that she has implemented and maintained procedures designed to avoid violations of the FDCPA and the RFDCPA.  Plaintiff's discovery is aimed at seeing what those procedures were.

Further, case law is clear that "In assessing damages, a court must consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Masuda v. Thomas Richards & Co., 759 F. Supp. 1456, 1467 (C.D. Cal. 1991)*.  An electronic copy of *Owens v. Brachfeld*, 2008 U.S. Dist. LEXIS 63701 (N.D. Cal. 2008), which deals with the same defendant as the case at hand and which quotes that passage of *Masuda*, was emailed to defense counsel on May 11, 2009, in an effort to narrow the discovery issues.

Further, Plaintiff contends that the Defendant has adopted a conscious policy of ignoring the FDCPA / RFDCPA since illegal collection methods generate more revenue, while the occasional FDCPA / RFDCPA lawsuit can be inexpensively resolved without cutting too deeply into the bottom line.

Therefore, the contents of the employee manual are reasonably calculated to lead to the discovery of admissible evidence whether or not they direct employees of the Defendant's collection agency in FDCPA / RFDCPA compliance.

Defendant seeks to conditions her compliance with this request upon the execution and court-approval of "an appropriate protective order."

At no time before serving her responses did Defendant propose or move for a

protective order.  At no point did she seek a 7-3 conference regarding such a motion.
Nor did she – in her written responses to discovery – claim any specific basis for
seeking one.

The burden would be on the moving party  to make a clear showing of a
particular and specific need for a protective order (*Blankenship v. Hearst Corp*.519
F2d 418  (9th Cir. 1975)).  Even if the moving party succeeds in showing good
cause, the court will still balance the interests in allowing discovery against the
relative burdens to the parties (*Wood v. McEwen* 644 F2d 797 (9th Cir. 1981)).   As
stated in *Foltz v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2003) 331 F3d 1122, 1130,
"broad allegations of harm, unsubstantiated by specific examples or articulated
reasoning, do not satisfy the Rule 26(c) test."   Defendant's apparent fear that the
inadequacy of her own policies, procedures, and training materials will be exposed
by complying with the requests for production is not a sufficient basis for obtaining a
protective order.  No legitimate interest (e.g., personal privacy, privilege, etc.) is
jeopardized, and no specific injury results.   The only potential "embarrassment"
would be that stemming from Defendant's own failure to comply with the law.

When asked during the pre-filing conference whether Defendant's employees
– the debt collectors – are asked to sign confidentiality agreements upon
commencement of their employment with Defendant, counsel acknowledged that she
did not know.   If Defendant herself does not insist upon such agreements with her
own employees, then any argument that a protective order is appropriate is simply
not credible.   Even if such agreements have consistently been required by
Defendant, there is still not an adequate basis for seeking a protective order.

Finally, as pointed out by one commentary, "A motion for protective order
ordinarily should be noticed at the earliest possible time and certainly before the
discovery procedure is set to occur."  (Schwarzer, et al., CAL. PRAC. GUIDE: FED.
CIV. PROC. BEFORE TRIAL (Rutter, 2009) ¶11:1162, citing *National Indep.
Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.* 748 F.2d 602, 609 (11th Cir.

1   1984).)   Objecting to a request for production of documents is not a proper means of

2   obtaining a protective order.

3   <u>DEFENDANT'S RESPONSE</u>:

4       At issue is Erica L. Brachfeld APC's employee handbook.  The request is not

5   limited in any way and is therefore overly broad as to be unduly burdensome.  The

6   request is not limited to any time period to narrow and focus on relevant materials.

7   Further, the request is not limited to documents pertaining to Plaintiff's claims in this

8   particular case and therefore the request calls for documents which are not relevant

9   and not reasonably calculated to lead to the discovery of admissible evidence in this

10  case.  Finally the request calls for documents which Erica L. Brachfeld, APC

11  maintains are confidential and proprietary in nature.

12      **Defendant Agrees to Produce Confidential and Proprietary**

13      **Information Subject to a Protective Order**

14      While most courts recognize a presumption of public access to court records,

15  every court has inherent, supervisory power over its own records and files.  Thus,

16  public access may be denied.  <u>Hagestad v. Tragesser</u> (9th Cir. 1995) 49 F.3d 1430,

17  1433-43.  A court will order documents sealed where good cause is shown that

18  outweighs the public's interest in the documents.  Specifically, courts may issue

19  protective orders limiting disclosure of proprietary information or "other confidential

20  research, development or commercial information."  FRCP 26(c)(7).  Court may

21  grant a protective order restricting the use of any discovery to the present lawsuit.

22  Such relief is particularly justified if "federal action had been brought chiefly for the

23  purpose of exploiting liberal discovery devices available in federal civil actions.

24  <u>Dove v. Atlantic Capital Corp</u>. (2nd Cir. 1992) 963 F.2d 15, 19.

25      Defendant has no objections to producing Erica L. Brachfeld, APC's employee

26  handbook so long as the information is *relevant* to Plaintiff's claims and Defendant's

27  defenses in this particular case.  However, Defendant has agreed to produce this

28  document so long as protective order is in place because the document Plaintiff seeks

contain confidential information relating to training and development, technology or other proprietary information belonging to Erica L. Brachfeld, APC.  Erica L Brachfeld, APC considers its employee handbook, training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act as confidential and proprietary in nature.  The documents Plaintiff seeks were developed by Erica L. Brachfeld, APC at a significant expense in time, effort and money.  Erica L. Brachfeld would be competitively disadvantaged if one of its competitors could obtain the requested documents developed and refined by Erica L. Brachfeld, APC.  In this regard, Erica L Brachfeld, APC takes measures to ensure the information is kept confidential by requiring each of its employees to sign a confidentiality agreement.  See Declaration of Martin Brachfeld.

Plaintiff and Defendant have met and conferred on this discovery issue. Despite their good faith efforts, it became apparent that the Parties would not be able to informally resolve their discovery dispute without this Court's intervention.  As such, Defendant advised Plaintiff that Defendants would proceed with a Motion for Protective Order.

## Plaintiff's Request is Overly Broad and Calls for Irrelevant Documents

Plaintiff's request is also overly broad in that it calls for documents which are not relevant.  Plaintiff demands that Defendant produce Erica L. Brachfeld, APC's employee handbook *regardless of whether the information pertains to Plaintiff's claims in this particular case.*  In this lawsuit, Plaintiff alleges Defendant failed to provide verification notice, third party disclosure, made repeated phone calls to Plaintiff's family, contact with Plaintiff after Defendant was notified Plaintiff was represented by counsel, false representations, unconscionable means to collect a debt, threatening legal action that was not intended, failure to make required disclosures, and attempting to collect an amount not expressly authorized by agreement or law.

A reasonable interpretation of the request for Erica L. Brachfeld, APC's

employee handbook calls for Erica L. Brachfeld, APC to disclose information that does not pertain to debt collection activities.  In essence, Plaintiff wants to know every single detail of Erica L. Brachfeld, APC's employee handbook even if the information does not pertain to any Plaintiff's claims in this case.  Plaintiff is not entitled to overly broad and unreasonable discovery on the chance that Plaintiff may somehow relate it to an issue in this case.  Further, Plaintiff must not be allowed to conduct a "fishing expedition" into Erica L. Brachfeld, APC's policies and procedures.  Defendant should only be required to produce that which is relevant to Plaintiff's specific claims in this particular case.

DOCUMENT REQUEST NO. 4:

 Any and all printed materials -- including but not limited to training manuals -- which YOU have used in the past three years in training YOUR employees.

RESPONSE TO REQUEST NO. 4:

     Defendant objects to the request on the grounds it is vague and ambiguous as to the term, "YOU."  Defendant further objects to the interrogatory on the grounds it is overly broad, unduly burdensome, calls for proprietary and confidential information and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims and Defendant's defendants thereto.

     Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, Defendant will produce relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern Plaintiff's claims.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

     Requests 3 and 4 are quite similar in terms of the nature of the materials sought, and the responses provided by Defendant were identical.   For the sake of brevity, the foregoing arguments for further response will not be repeated.

     It should be pointed out that in response to interrogatory number 6, Defendant

identified three employees who had some role in collection on Plaintiff's account. Two of those employees are still with Defendant's company.   Since those employees may have had a role in the violations of the FDCPA / RFDCPA , and were acting within the scope of their employment with Defendant, Defendant's training procedures, policies, and materials are directly relevant to Plaintiff's claims.

Further, it should be pointed out that authority from other districts supports this sort of discovery in FDCPA cases.  See, for example, *Hastings v. Asset Acceptance, LLC*, 2007 U.S. Dist. LEXIS 9206 (S.D. Ohio Feb. 6, 2007), and *Boutvis v. Risk Mgmt. Alternatives, Inc.*, 2002 U.S. Dist. LEXIS 8521 (D. Conn. May 3, 2002).

DEFENDANT'S RESPONSE:

At issue are Erica L. Brachfeld APC's training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act.  The request is not limited in any way and is therefore overly broad as to be unduly burdensome.  Further, the request is not limited to documents pertaining to Plaintiff's claims in this particular case and therefore the request calls for documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.  Finally the request calls for documents which Erica L. Brachfeld, APC maintains are confidential and proprietary in nature.

**Defendant Agrees to Produce Confidential and Proprietary Information Subject to a Protective Order**

While most courts recognize a presumption of public access to court records, every court has inherent, supervisory power over its own records and files.  Thus, public access may be denied.  Hagestad v. Tragesser (9th Cir. 1995) 49 F.3d 1430, 1433-43.  A court will order documents sealed where good cause is shown that outweighs the public's interest in the documents.  Specifically, courts may issue protective orders limiting disclosure of proprietary information or "other confidential research, development or commercial information."  FRCP 26(c)(7).  Court may

grant a protective order restricting the use of any discovery to the present lawsuit. Such relief is particularly justified if "federal action had been brought chiefly for the purpose of exploiting liberal discovery devices available in federal civil actions. Dove v. Atlantic Capital Corp. (2nd Cir. 1992) 963 F.2d 15, 19.

Defendant has no objections to producing Erica L. Brachfeld, APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act so long as the information is *relevant* to Plaintiff's claims and Defendant's defenses in this particular case. However, Defendant has agreed to produce these documents so long as protective order is in place because the documents Plaintiff seeks contain confidential information relating to training and development, technology or other proprietary information belonging to Erica L. Brachfeld, APC. Erica L Brachfeld, APC considers its training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act as confidential and proprietary in nature. The documents Plaintiff seeks were developed by Erica L. Brachfeld, APC at a significant expense in time, effort and money. Erica L. Brachfeld would be competitively disadvantaged if one of its competitors could obtain the requested documents developed and refined by Erica L. Brachfeld, APC. In this regard, Erica L Brachfeld, APC takes measures to ensure the information is kept confidential by requiring each of its employees to sign a confidentiality agreement. See Declaration of Martin Brachfeld.

Plaintiff and Defendant have met and conferred on this discovery issue. Despite their good faith efforts, it became apparent that the Parties would not be able to informally resolve their discovery dispute without this Court's intervention. As such, Defendant advised Plaintiff that Defendants would proceed with a Motion for Protective Order.

### Plaintiff's Request is Overly Broad and Calls for Irrelevant Documents

Plaintiff's request is also overly broad in that it calls for documents which are not relevant. Plaintiff demands that Defendant produce ***all of*** Erica L. Brachfeld,

APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act *regardless of whether the information pertains to Plaintiff's claims in this particular case.* In this lawsuit, Plaintiff alleges Defendant failed to provide verification notice, third party disclosure, made repeated phone calls to Plaintiff's family, contact with Plaintiff after Defendant was notified Plaintiff was represented by counsel, false representations, unconscionable means to collect a debt, threatening legal action that was not intended, failure to make required disclosures, and attempting to collect an amount not expressly authorized by agreement or law.

A reasonable interpretation of the request for Erica L. Brachfeld, APC's training materials calls for Erica L. Brachfeld, APC to disclose information that does not pertain to debt collection activities. In essence, Plaintiff wants to know every single detail of Erica L. Brachfeld, APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act even if the information does not pertain to any Plaintiff's claims in this case. Plaintiff is not entitled to overly broad and unreasonable discovery on the chance that Plaintiff may somehow relate it to an issue in this case. Further, Plaintiff must not be allowed to conduct a "fishing expedition" into Erica L. Brachfeld, APC's policies and procedures. Defendant should only be required to produce that which is relevant to Plaintiff's specific claims in this particular case.

DOCUMENT REQUEST NO. 5:

All DOCUMENTS -- including but not limited to pleadings and discovery -- relating to or prepared in connection with any lawsuits YOUR company has defended in which YOUR company was alleged to have violated the FDCPA.

RESPONSE TO REQUEST NO. 5:

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOUR." Defendant further objects to the interrogatory on the grounds that it is overly broad, unduly burdensome,

oppressive, and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims and Defendant's defenses.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

Request number 5 relates to other FDCPA litigation which Defendant was involved in.   Defendant's objects are that the request is "not relevant," etc., but as indicated above, intentionality is a factor which courts consider in assessing damages in FDCPA / RFDCPA cases.   Plaintiff could use other FDCPA cases alleging similar facts or violations to show intentionality, to undermine the 1692k(c) "bona fide error" defense, and to show Federal Rule of Evidence 404(b) factors (that subparagraph provides, in pertinent part, that evidence of other wrongs or acts may be admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").

Finally, case law supports Plaintiff's right to this information.   In *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 9 (N.D. Cal. 2006), the court stated, "While plaintiffs'  requests may be phrased too broadly, information relating to whether or not defendants had claims filed against them, participated in litigation or arbitration, or received demand letters from attorneys about the legality of this particular type of collection effort under the FDCPA is relevant and must be disclosed."

Defendant did not object on the grounds that any of the documents requested would be covered by confidentiality agreements.

DEFENDANT'S RESPONSE:

Plaintiff demands information of any lawsuits, claims or complaints against Brachfeld, other than the case at hand.  Plaintiff's discovery request is overly broad and irrelevant to any of the factual allegations set forth in the Complaint.  In essence, Plaintiffs want to know about any action against Brachfeld regardless of whether it was a meritorious claim.  The request is impermissible vague, ambiguous and overly broad.  A reasonable interpretation of the request calls for Brachfeld to disclose

information regarding any kind of claim against Brachfeld, not just the claims asserted by Plaintiff in this particular case.  Further, other claims, lawsuits or complaints are not relevant.  What other claimants have alleged against Brachfeld in unrelated matters have no bearing on Brachfeld's liability to Plaintiff.

DOCUMENT REQUEST NO. 6:

All DOCUMENTS reflecting, memorializing, summarizing, or describing YOUR policies regarding compliance with the FDCPA.

RESPONSE TO REQUEST NO. 6:

Defendant objects to the request on the grounds it is vague and ambiguous as to the term, "YOU."  Defendant further objects to the interrogatory on the grounds it is overly broad, unduly burdensome, calls for proprietary and confidential information and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims and Defendant's defendants thereto.

Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, Defendant will produce relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern Plaintiff's claims.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

Requests 3 and 6 are quite similar in terms of the nature of the materials sought, and the responses provided by Defendant were identical.   For the sake of brevity, the foregoing arguments for further response will not be repeated.

DEFENDANT'S RESPONSE:

At issue are Erica L. Brachfeld APC's training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act.  The request is not limited in any way and is therefore overly broad as to be unduly burdensome.  Further, the request is not limited to documents pertaining to Plaintiff's claims in this particular case and therefore the request calls for documents which are

not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.  Finally the request calls for documents which Erica L. Brachfeld, APC maintains are confidential and proprietary in nature.

### Defendant Agrees to Produce Confidential and Proprietary Information Subject to a Protective Order

While most courts recognize a presumption of public access to court records, every court has inherent, supervisory power over its own records and files.  Thus, public access may be denied.  Hagestad v. Tragesser (9th Cir. 1995) 49 F.3d 1430, 1433-43.  A court will order documents sealed where good cause is shown that outweighs the public's interest in the documents.  Specifically, courts may issue protective orders limiting disclosure of proprietary information or "other confidential research, development or commercial information."  FRCP 26(c)(7).  Court may grant a protective order restricting the use of any discovery to the present lawsuit.  Such relief is particularly justified if "federal action had been brought chiefly for the purpose of exploiting liberal discovery devices available in federal civil actions.  Dove v. Atlantic Capital Corp. (2nd Cir. 1992) 963 F.2d 15, 19.

Defendant has no objections to producing Erica L. Brachfeld, APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act so long as the information is *relevant* to Plaintiff's claims and Defendant's defenses in this particular case.  However, Defendant has agreed to produce these documents so long as protective order is in place because the documents Plaintiff seeks contain confidential information relating to training and development, technology or other proprietary information belonging to Erica L. Brachfeld, APC.  Erica L Brachfeld, APC considers its training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act as confidential and proprietary in nature.  The documents Plaintiff seeks were developed by Erica L. Brachfeld, APC at a significant expense in time, effort and money.  Erica L. Brachfeld would be competitively disadvantaged if one of its

competitors could obtain the requested documents developed and refined by Erica L. Brachfeld, APC.  In this regard, Erica L Brachfeld, APC takes measures to ensure the information is kept confidential by requiring each of its employees to sign a confidentiality agreement.  See Declaration of Martin Brachfeld.

Plaintiff and Defendant have met and conferred on this discovery issue. Despite their good faith efforts, it became apparent that the Parties would not be able to informally resolve their discovery dispute without this Court's intervention.  As such, Defendant advised Plaintiff that Defendants would proceed with a Motion for Protective Order.

## **Plaintiff's Request is Overly Broad and Calls for Irrelevant Documents**

Plaintiff's request is also overly broad in that it calls for documents which are not relevant.  Plaintiff demands that Defendant produce ***all of*** Erica L. Brachfeld, APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act ***regardless of whether the information pertains to Plaintiff's claims in this particular case.***  In this lawsuit, Plaintiff alleges Defendant failed to provide verification notice, third party disclosure, made repeated phone calls to Plaintiff's family, contact with Plaintiff after Defendant was notified Plaintiff was represented by counsel, false representations, unconscionable means to collect a debt, threatening legal action that was not intended, failure to make required disclosures, and attempting to collect an amount not expressly authorized by agreement or law.

A reasonable interpretation of the request for Erica L. Brachfeld, APC's training materials calls for Erica L. Brachfeld, APC to disclose information that does not pertain to debt collection activities.  In essence, Plaintiff wants to know every single detail of Erica L. Brachfeld, APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act even if the information does not pertain to any Plaintiff's claims in this case.  Plaintiff is not entitled to overly broad and unreasonable discovery on the chance that Plaintiff may

somehow relate it to an issue in this case.  Further, Plaintiff must not be allowed to conduct a "fishing expedition" into Erica L. Brachfeld, APC's policies and procedures.  Defendant should only be required to produce that which is relevant to Plaintiff's specific claims in this particular case.

DOCUMENT REQUEST NO. 7:

All DOCUMENTS reflecting, memorializing, summarizing, or describing YOUR policies regarding compliance with California's Rosenthal Fair Debt Collection Practices Act.

RESPONSE TO REQUEST NO. 7:

Defendant objects to the request on the grounds it is vague and ambiguous as to the term, "YOU."  Defendant further objects to the interrogatory on the grounds it is overly broad, unduly burdensome, calls for proprietary and confidential information and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims and Defendant's defendants thereto.

Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, Defendant will produce relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern Plaintiff's claims.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

Requests 6 and 7 are almost identical; 7 specifically focuses on the FRDCPA, while 6 focuses on the FDCPA.   Plaintiff's complaint does allege separate violations of both.  See paragraphs 13-16 (FDCPA), and 17-21 (RFDCPA).   For the sake of brevity, the foregoing arguments for further response will not be repeated.

DEFENDANT'S RESPONSE:

At issue are Erica L. Brachfeld APC's training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act.  The request is not limited in any way and is therefore overly broad as to be unduly

burdensome.  Further, the request is not limited to documents pertaining to Plaintiff's claims in this particular case and therefore the request calls for documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.  Finally the request calls for documents which Erica L. Brachfeld, APC maintains are confidential and proprietary in nature.

## Defendant Agrees to Produce Confidential and Proprietary Information Subject to a Protective Order

While most courts recognize a presumption of public access to court records, every court has inherent, supervisory power over its own records and files.  Thus, public access may be denied.  <u>Hagestad v. Tragesser</u> (9th Cir. 1995) 49 F.3d 1430, 1433-43.  A court will order documents sealed where good cause is shown that outweighs the public's interest in the documents.  Specifically, courts may issue protective orders limiting disclosure of proprietary information or "other confidential research, development or commercial information."  FRCP 26(c)(7).  Court may grant a protective order restricting the use of any discovery to the present lawsuit.  Such relief is particularly justified if "federal action had been brought chiefly for the purpose of exploiting liberal discovery devices available in federal civil actions.  <u>Dove v. Atlantic Capital Corp</u>. (2nd Cir. 1992) 963 F.2d 15, 19.

Defendant has no objections to producing Erica L. Brachfeld, APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act so long as the information is *relevant* to Plaintiff's claims and Defendant's defenses in this particular case.  However, Defendant has agreed to produce these documents so long as protective order is in place because the documents Plaintiff seeks contain confidential information relating to training and development, technology or other proprietary information belonging to Erica L. Brachfeld, APC.  Erica L Brachfeld, APC considers its training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act as confidential and proprietary in nature.  The documents Plaintiff seeks were

developed by Erica L. Brachfeld, APC at a significant expense in time, effort and money.  Erica L. Brachfeld would be competitively disadvantaged if one of its competitors could obtain the requested documents developed and refined by Erica L. Brachfeld, APC.  In this regard, Erica L Brachfeld, APC takes measures to ensure the information is kept confidential by requiring each of its employees to sign a confidentiality agreement.  See Declaration of Martin Brachfeld.

Plaintiff and Defendant have met and conferred on this discovery issue. Despite their good faith efforts, it became apparent that the Parties would not be able to informally resolve their discovery dispute without this Court's intervention.  As such, Defendant advised Plaintiff that Defendants would proceed with a Motion for Protective Order.

### Plaintiff's Request is Overly Broad and Calls for Irrelevant Documents

Plaintiff's request is also overly broad in that it calls for documents which are not relevant.  Plaintiff demands that Defendant produce ***all of*** Erica L. Brachfeld, APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act ***regardless of whether the information pertains to Plaintiff's claims in this particular case.***  In this lawsuit, Plaintiff alleges Defendant failed to provide verification notice, third party disclosure, made repeated phone calls to Plaintiff's family, contact with Plaintiff after Defendant was notified Plaintiff was represented by counsel, false representations, unconscionable means to collect a debt, threatening legal action that was not intended, failure to make required disclosures, and attempting to collect an amount not expressly authorized by agreement or law.

A reasonable interpretation of the request for Erica L. Brachfeld, APC's training materials calls for Erica L. Brachfeld, APC to disclose information that does not pertain to debt collection activities.  In essence, Plaintiff wants to know every single detail of Erica L. Brachfeld, APC's training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act even if the

information does not pertain to any Plaintiff's claims in this case.  Plaintiff is not entitled to overly broad and unreasonable discovery on the chance that Plaintiff may somehow relate it to an issue in this case.  Further, Plaintiff must not be allowed to conduct a "fishing expedition" into Erica L. Brachfeld, APC's policies and procedures.  Defendant should only be required to produce that which is relevant to Plaintiff's specific claims in this particular case.

DOCUMENT REQUEST NO. 13:

All DOCUMENTS which constitute, reflect, or relate to any contract or agreement between YOU and any creditor, pursuant to which YOU attempted to collect any debt allegedly owed by Plaintiff.

RESPONSE TO REQUEST NO. 13:

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU," is overly broad, unduly burdensome, and oppressive.  Defendant further objects to the request on the grounds it calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

One of Plaintiff's claims is that the Defendant attempted to collect amounts that were not authorized by law or any applicable agreement between Plaintiff and her creditor.   The contract between Defendant's debt collection agency and the client may corroborate this.

More importantly, the manner in which Defendant is compensated under her agreement with the account owner may demonstrate that Defendant had an incentive to engage in aggressive or "enhanced" collection methods.

Further, depending on the nature of the relationship and the degree of control imposed by Defendant and its client, the creditor, it may become clear that the creditor itself should be added as a party under the RFDCPA (which allows claims

against creditors, unlike the FDCPA).

While there may not be any California or ninth circuit authority on point, the court in *Dickard v. Okla. Mgmt. Servs. for Physicians, LLC*, 2007 U.S. Dist. LEXIS 62851 (D. Ark. 2007) involved a motion to compel on a similar issue.  The court asked, "Can Discovery include contracts between [defendant] and other third Parties?"  In holding affirmatively, the court noted the general principle that "[r]elevance is construed broadly and determined in relation to the facts and circumstances of each case," and concluded that if the defendant "did not seek to collect the debt directly, but contracted out such a procedure, it seems relevant to the court that such information MAY lead to discoverable information."  (Id. at 10.) While it is not Plaintiff's contention here that Defendant sub-contracted its collection efforts, again, the nature of the relationship between Defendant and the creditor may indicate that the creditor should be included in this action.   Obviously it would enhance judicial efficiency for Plaintiff to not have to bring multiple different actions on the same pattern of wrongdoing.

DEFENDANT'S RESPONSE:

The Agreement/Contract between Erica L. Brachfeld, APC and its client is not relevant to Plaintiff's claims against Defendant in this case and not reasonably calculated to lead to the discovery of admissible evidence regarding any issue in this case.  Plaintiff's claim that Defendant used aggressive or enhanced collection methods to collect Plaintiff's debt is vague, baseless and another attempt by Plaintiff to engage in an impermissible fishing expedition.  Further, Defendant will supplement its discovery responses to show that Brachfeld had attempted to collect interest at the rate of 10 percent per annum pursuant to Civil Code Section 3289.

DOCUMENT REQUEST NO. 15:

All DOCUMENTS identified by YOU in YOUR responses to the concurrently served special interrogatories, set one.

/ / /

RESPONSE TO REQUEST NO. 15:

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU" or "YOUR." Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes relating to the subject account and a sample of the collection letter sent to Plaintiff on July 29, 2008.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

It appears that the withholding of such documents piggy-backs off of the separate objections to the special interrogatories. For the sake of brevity, those arguments will not be repeated here.

DEFENDANT'S RESPONSE:

At issue are Erica L. Brachfeld APC's employee handbook, training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act. The request is not limited in any way and is therefore overly broad as to be unduly burdensome. The request is not limited to any time period to narrow and focus on relevant materials. Further, the request is not limited to documents pertaining to Plaintiff's claims in this particular case and therefore the request calls for documents which are not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this case. Finally the request calls for documents which Erica L. Brachfeld, APC maintains are confidential and proprietary in nature.

**Defendant Agrees to Produce Confidential and Proprietary Information Subject to a Protective Order**

While most courts recognize a presumption of public access to court records, every court has inherent, supervisory power over its own records and files. Thus, public access may be denied. Hagestad v. Tragesser (9th Cir. 1995) 49 F.3d 1430, 1433-43. A court will order documents sealed where good cause is shown that outweighs the public's interest in the documents. Specifically, courts may issue protective orders limiting disclosure of proprietary information or "other confidential

research, development or commercial information."  FRCP 26(c)(7).  Court may grant a protective order restricting the use of any discovery to the present lawsuit. Such relief is particularly justified if "federal action had been brought chiefly for the purpose of exploiting liberal discovery devices available in federal civil actions. <u>Dove v. Atlantic Capital Corp</u>. (2nd Cir. 1992) 963 F.2d 15, 19.

Defendant has no objections to producing Erica L. Brachfeld, APC's employee handbook, training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act so long as the information is *relevant* to Plaintiff's claims and Defendant's defenses in this particular case.  However, Defendant has agreed to produce these documents so long as protective order is in place because the documents Plaintiff seeks contain confidential information relating to training and development, technology or other proprietary information belonging to Erica L. Brachfeld, APC.  Erica L Brachfeld, APC considers its employee handbook, training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act as confidential and proprietary in nature.  The documents Plaintiff seeks were developed by Erica L. Brachfeld, APC at a significant expense in time, effort and money.  Erica L. Brachfeld would be competitively disadvantaged if one of its competitors could obtain the requested documents developed and refined by Erica L. Brachfeld, APC.  In this regard, Erica L Brachfeld, APC takes measures to ensure the information is kept confidential by requiring each of its employees to sign a confidentiality agreement.  See Declaration of Martin Brachfeld.

Plaintiff and Defendant have met and conferred on this discovery issue. Despite their good faith efforts, it became apparent that the Parties would not be able to informally resolve their discovery dispute without this Court's intervention.  As such, Defendant advised Plaintiff that Defendants would proceed with a Motion for Protective Order.

### **Plaintiff's Request is Overly Broad and Calls for Irrelevant Documents**

Plaintiff's request is also overly broad in that it calls for documents which are

not relevant.  Plaintiff demands that Defendant produce *all of* Erica L. Brachfeld, APC's employee handbook, training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act *regardless of whether the information pertains to Plaintiff's claims in this particular case.*  In this lawsuit, Plaintiff alleges Defendant failed to provide verification notice, third party disclosure, made repeated phone calls to Plaintiff's family, contact with Plaintiff after Defendant was notified Plaintiff was represented by counsel, false representations, unconscionable means to collect a debt, threatening legal action that was not intended, failure to make required disclosures, and attempting to collect an amount not expressly authorized by agreement or law.

A reasonable interpretation of the request for Erica L. Brachfeld, APC's employee handbook and training materials calls for Erica L. Brachfeld, APC to disclose information that does not pertain to debt collection activities.  In essence, Plaintiff wants to know every single detail of Erica L. Brachfeld, APC's employee handbook, training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act even if the information does not pertain to any Plaintiff's claims in this case.  Plaintiff is not entitled to overly broad and unreasonable discovery on the chance that Plaintiff may somehow relate it to an issue in this case.  Further, Plaintiff must not be allowed to conduct a "fishing expedition" into Erica L. Brachfeld, APC's policies and procedures.  Defendant should only be required to produce that which is relevant to Plaintiff's specific claims in this particular case.

**III. SPECIAL INTERROGATORIES AND RESPONSES THERETO.**

SPECIAL INTERROGATORY NO. 2:

IDENTIFY by caption, court, case number, and result all litigation filed against YOU alleging violations of the Fair Debt Collection Practices Act.

RESPONSE TO INTERROGATORY  NO. 2:

Defendant objects to the interrogatory on the grounds it is vague and

ambiguous as to the term, "YOU." Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes relating to the subject account.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

Interrogatory number 2 overlaps with request for production 5, seeking "All DOCUMENTS -- including but not limited to pleadings and discovery -- relating to or prepared in connection with any lawsuits YOUR company has defended in which YOUR company was alleged to have violated the FDCPA." The reasons for further response set forth in connection with RFP 5 apply equally well here.

In addition, this information is publicly available. Although it is publicly available, it would be extremely burdensome and time-consuming for Plaintiff to comb through the records of the numerous different courts where Defendant may have been sued. (For instance, not all courts subscribe to Pacer; no state courts do.) On the other hand, Defendant or its counsel no doubt could procure such information with ease.

DEFENDANT'S RESPONSE:

Plaintiff demands information of any lawsuits, claims or complaints against Brachfeld, other than the case at hand. Plaintiff's discovery request is overly broad and irrelevant to any of the factual allegations set forth in the Complaint. In essence, Plaintiffs want to know about any action against or by Brachfeld regardless of whether it was a meritorious claim.

The request is impermissible vague, ambiguous and overly broad. A reasonable interpretation of the request calls for Brachfeld to disclose information regarding any kind of claim against Brachfeld, not just the claims asserted by Plaintiff in this particular case.

Further, other claims, lawsuits or complaints are not relevant. What other claimants have alleged against Brachfeld in unrelated matters has no bearing on Brachfeld's' liability to Plaintiff. For instance, if another person claimed that

Brachfeld contacted him/her on a disputed debt that is irrelevant to the instant action. Surely, none of these exemplars tend to prove or disprove the number of calls that Brachfeld made in collection of Plaintiff's debt.  It also would not lead to admissible discovery in this case.

SPECIAL INTERROGATORY NO. 10:

Describe the maintenance of all procedures utilized by YOU to avoid violations of the Fair Debt Collection Practices Act.

RESPONSE TO INTERROGATORY  NO. 10:

Defendant objects to the interrogatory on the grounds it is vague and ambiguous as to the term, "YOU."  Defendant further objects to the interrogatory on the grounds it calls for proprietary and confidential information and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims and Defendant's defendants thereto.

Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, Defendant will produce relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern Plaintiff's claims.

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

Interrogatory number 10 seeks information similar to requests for production 3, 4, 6 and 7 – dealing with Defendant's policies, procedures, training and manuals relating to FDCPA / RFDCPA compliance.  For the sake of brevity, the arguments advanced previously will not be repeated here.

Beyond mere description of the contents of such documents, however, interrogatory 10 also seeks an affirmative statement verifying that the policies set forth in such publications are actually maintained.

DEFENDANT'S RESPONSE:

At issue are Erica L. Brachfeld APC's employee handbook, training materials

and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act.  The interrogatory is not limited in any way and is therefore overly broad as to be unduly burdensome.  The interrogatory is not limited to any time period to narrow and focus on relevant materials.  Further, the interrogatory is not limited to information pertaining to Plaintiff's claims in this particular case and therefore the request calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.  Finally the request calls for information which Erica L. Brachfeld, APC maintains are confidential and proprietary in nature.

### Defendant Agrees to Produce Confidential and Proprietary Information Subject to a Protective Order

While most courts recognize a presumption of public access to court records, every court has inherent, supervisory power over its own records and files.  Thus, public access may be denied.  Hagestad v. Tragesser (9th Cir. 1995) 49 F.3d 1430, 1433-43.  A court will order documents sealed where good cause is shown that outweighs the public's interest in the documents.  Specifically, courts may issue protective orders limiting disclosure of proprietary information or "other confidential research, development or commercial information."  FRCP 26(c)(7).  Court may grant a protective order restricting the use of any discovery to the present lawsuit.  Such relief is particularly justified if "federal action had been brought chiefly for the purpose of exploiting liberal discovery devices available in federal civil actions.  Dove v. Atlantic Capital Corp. (2nd Cir. 1992) 963 F.2d 15, 19.

Defendant has no objections to producing Erica L. Brachfeld, APC's employee handbook, training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act so long as the information is *relevant* to Plaintiff's claims and Defendant's defenses in this particular case.  However, Defendant has agreed to produce these documents so long as protective order is in place because the documents Plaintiff seeks contain confidential information relating to training and

development, technology or other proprietary information belonging to Erica L. Brachfeld, APC.  Erica L Brachfeld, APC considers its employee handbook, training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act as confidential and proprietary in nature.  The documents Plaintiff seeks were developed by Erica L. Brachfeld, APC at a significant expense in time, effort and money.  Erica L. Brachfeld would be competitively disadvantaged if one of its competitors could obtain the requested documents developed and refined by Erica L. Brachfeld, APC.  In this regard, Erica L Brachfeld, APC takes measures to ensure the information is kept confidential by requiring each of its employees to sign a confidentiality agreement.  See Declaration of Martin Brachfeld.

Plaintiff and Defendant have met and conferred on this discovery issue. Despite their good faith efforts, it became apparent that the Parties would not be able to informally resolve their discovery dispute without this Court's intervention.  As such, Defendant advised Plaintiff that Defendants would proceed with a Motion for Protective Order.

## **Plaintiff's Interrogatory is Overly Broad and Calls for Irrelevant Documents**

Plaintiff's interrogatory is also overly broad in that it calls for information which is not relevant.  Plaintiff's interrogatory seeks information that does not ***pertain to Plaintiff's claims in this particular case.***  In this lawsuit, Plaintiff alleges Defendant failed to provide verification notice, third party disclosure, made repeated phone calls to Plaintiff's family, contact with Plaintiff after Defendant was notified Plaintiff was represented by counsel, false representations, unconscionable means to collect a debt, threatening legal action that was not intended, failure to make required disclosures, and attempting to collect an amount not expressly authorized by agreement or law.

A reasonable interpretation of the interrogatory calls for Erica L. Brachfeld, APC to disclose information that does not pertain to debt collection activities.  In

essence, Plaintiff wants to know every single detail of Erica L. Brachfeld, APC's employee handbook, training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act even if the information does not pertain to any Plaintiff's claims in this case.  Plaintiff is not entitled to overly broad and unreasonable discovery on the chance that Plaintiff may somehow relate it to an issue in this case.  Further, Plaintiff must not be allowed to conduct a "fishing expedition" into Erica L. Brachfeld, APC's policies and procedures.  Defendant should only be required to produce that which is relevant to Plaintiff's specific claims in this particular case.

SPECIAL INTERROGATORY NO. 13:

If YOU provide training to new employees or independent contractors involved in the collection of consumer accounts, please:

 a) Describe the training content, timing and duration;

 b) IDENTIFY all DOCUMENTS and audio or visual materials used in such training; and

 c) IDENTIFY each PERSON involved in such training.

RESPONSE TO INTERROGATORY  NO. 13:

  Defendant objects to the interrogatory on the grounds it is vague and ambiguous as to the term, "YOU."  Defendant further objects to the interrogatory on the grounds it calls for proprietary and confidential information and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims and Defendant's defendants thereto.

  Subject to and without waiving said objections, Defendant responds as follows: Once an appropriate protective order is entered, Defendant will produce relevant portions of Erica L. Brachfeld's policies and procedures that concern Plaintiff's claims.

/ / /

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE:

Interrogatory 13 addresses specifically the training procedures for new employees or contractors, and seeks an identification of the people who are involved in the training, as well as the duration of the training.

The justification for this interrogatory is essentially the same as for interrogatory number 10, and requests for production 3, 4, 6, and 7.

DEFENDANT'S RESPONSE:

At issue are Erica L. Brachfeld APC's employee handbook, training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act.  The interrogatory is not limited in any way and is therefore overly broad as to be unduly burdensome.  The interrogatory is not limited to any time period to narrow and focus on relevant materials.  Further, the request is not limited to information pertaining to Plaintiff's claims in this particular case and therefore the interrogatory calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.  Finally the request calls for information which Erica L. Brachfeld, APC maintains are confidential and proprietary in nature.

**Defendant Agrees to Produce Confidential and Proprietary Information Subject to a Protective Order**

While most courts recognize a presumption of public access to court records, every court has inherent, supervisory power over its own records and files.  Thus, public access may be denied.  Hagestad v. Tragesser (9th Cir. 1995) 49 F.3d 1430, 1433-43.  A court will order documents sealed where good cause is shown that outweighs the public's interest in the documents.  Specifically, courts may issue protective orders limiting disclosure of proprietary information or "other confidential research, development or commercial information."  FRCP 26(c)(7).  Court may grant a protective order restricting the use of any discovery to the present lawsuit.  Such relief is particularly justified if "federal action had been brought chiefly for the

purpose of exploiting liberal discovery devices available in federal civil actions. <u>Dove v. Atlantic Capital Corp</u>. (2ⁿᵈ Cir. 1992) 963 F.2d 15, 19.

Defendant has no objections to producing Erica L. Brachfeld, APC's employee handbook, training materials and policies and procedures regarding compliance with FDCPA and CA Rosenthal Act so long as the information is *relevant* to Plaintiff's claims and Defendant's defenses in this particular case.  However, Defendant has agreed to produce these documents so long as protective order is in place because the documents Plaintiff seeks contain confidential information relating to training and development, technology or other proprietary information belonging to Erica L. Brachfeld, APC.  Erica L Brachfeld, APC considers its employee handbook, training materials and policies and procedures regarding compliance with the FDCPA and CA Rosenthal Act as confidential and proprietary in nature.  The documents Plaintiff seeks were developed by Erica L. Brachfeld, APC at a significant expense in time, effort and money.  Erica L. Brachfeld would be competitively disadvantaged if one of its competitors could obtain the requested documents developed and refined by Erica L. Brachfeld, APC.  In this regard, Erica L Brachfeld, APC takes measures to ensure the information is kept confidential by requiring each of its employees to sign a confidentiality agreement.  See Declaration of Martin Brachfeld.

Plaintiff and Defendant have met and conferred on this discovery issue. Despite their good faith efforts, it became apparent that the Parties would not be able to informally resolve their discovery dispute without this Court's intervention.  As such, Defendant advised Plaintiff that Defendants would proceed with a Motion for Protective Order.

## **Plaintiff's Interrogatory is Overly Broad and Calls for Irrelevant Documents**

Plaintiff's interrogatory is also overly broad in that it calls for training procedures which are not relevant.  Plaintiff demands that Defendant describe ***all of*** Erica L. Brachfeld, APC's training procedures ***regardless of whether the***

***information pertains to Plaintiff's claims in this particular case.*** In this lawsuit, Plaintiff alleges Defendant failed to provide verification notice, third party disclosure, made repeated phone calls to Plaintiff's family, contact with Plaintiff after Defendant was notified Plaintiff was represented by counsel, false representations, unconscionable means to collect a debt, threatening legal action that was not intended, failure to make required disclosures, and attempting to collect an amount not expressly authorized by agreement or law.

A reasonable interpretation of the interrogatory calls for Erica L. Brachfeld, APC to disclose information that does not pertain to debt collection activities. In essence, Plaintiff wants to know every single detail of Erica L. Brachfeld, APC's training policies and procedures even if the information does not pertain to any Plaintiff's claims in this case. Plaintiff is not entitled to overly broad and unreasonable discovery on the chance that Plaintiff may somehow relate it to an issue in this case. Further, Plaintiff must not be allowed to conduct a "fishing expedition" into Erica L. Brachfeld, APC's policies and procedures. Defendant should only be required to provide information that which is relevant to Plaintiff's specific claims in this particular case.

DATED: June 1, 2009                    Respectfully submitted,

                                       By:   _/S/ Aidan W. Butler_____
                                             Aidan W. Butler
                                             Attorney for Plaintiff
                                             CATHERINE BUI

DATED: June 1, 2009                    CARLSON & MESSER, LLP

                                       By:   _/S/ Larissa Nefulda_____
                                             David J. Kaminski
                                             Larissa Nefulda
                                             Attorney for Defendants