EXHIBIT "1"

Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178

Attorneys for Plaintiff CATHERINE BUI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BUI, an individual, | CASE NO.: CV08-08297 SVW (FFMx) |
| Plaintiff, | |
| vs. | SPECIAL INTERROGATORIES, SET ONE |
| ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION, a California professional corporation; ERICA LYNN BRACHFELD, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

| | | |
|---|---|---|
| **PROPOUNDING PARTY** | : | **plaintiff CATHERINE BUI** |
| **ANSWERING PARTY** | : | **defendant ERICA L. BRACHFELD** |
| **SET NUMBER** | : | **One** |

Pursuant to Federal Rules of Civil Procedure rule 33, plaintiff CATHERINE BUI propounds the following special interrogatories, set One. Pursuant to Rule 26(e), defendant ERICA L. BRACHFELD. has a duty to supplement the responses if defendant ERICA L. BRACHFELD learns that the responses are in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the propounding party in discovery or in writing.

# I. DEFINITIONS.

A. YOU.  The term "YOU" shall refer to Erica L. Brachfeld, individually, and any debt collection company owned in full or in part by Erica L. Brachfeld which attempted to collect any debt from the Plaintiff herein during the past three years.

B. PERSON / IDENTIFY. As used herein, the term PERSON refers to natural people i.e., human beings, corporations, partnerships, joint ventures, or associations of any kind.  The term IDENTIFY, used in connection with PERSONS, shall mean to state the name, last known address, and last known telephone number of.

C. DOCUMENT / IDENTIFY. As used herein, the term DOCUMENT shall have the meaning provided by California Evidence Code section 250 for the term "Writing," specifically: "'Writing' means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored." The term IDENTIFY, used in connection with DOCUMENTS, shall mean to state the date, title, and, if not apprant from the title, a brief description of the DOCUMENT, and the name and last known address and telephone number of each PERSON who has the original or a copy.

# II. SPECIAL INTERROGATORIES.

SPECIAL INTERROGATORY NO. 1:

For each time that YOU communicated with Plaintiff, either orally or in writing, please:

      a) State the date of the communication;

      b) IDENTIFY all persons known by YOU to have knowledge of such communication; and

c) IDENTIFY all DOCUMENTS which reflect, pertain to, relate to, or deal with that communication.

SPECIAL INTERROGATORY NO. 2:

IDENTIFY by caption, court, case number, and result all litigation filed against YOU alleging violations of the Fair Debt Collection Practices Act.

SPECIAL INTERROGATORY NO. 3:

For each communication YOU had with any PERSON relating to, regarding, dealing with, mentioning, or in any way about Plaintiff, whether oral or written, please:

a) State the date of the communication;

b) IDENTIFY all persons known by YOU to have knowledge of such communication; and

c) IDENTIFY all DOCUMENTS which reflect, pertain to, relate to, or deal with that communication.

SPECIAL INTERROGATORY NO. 4:

List all phone numbers YOU or anyone acting on YOUR behalf called in connection with YOUR attempts to collect any debt from the Plaintiff.

SPECIAL INTERROGATORY NO. 5:

IDENTIFY any and all DOCUMENTS YOU received from the original creditor relating to, describing, summarizing, mentioning, or in any way about the Plaintiff.

SPECIAL INTERROGATORY NO. 6:

State the names, aliases, job titles, business and home addresses and telephone numbers, date of initial employment and date of and reason for termination of each of YOUR employees

a) who contacted Plaintiff or another person relating to Plaintiff's alleged debt; and

b) who have left YOUR employment within the last three years.

SPECIAL INTERROGATORY NO. 7:

Identify and describe each claim made under each liability insurance policy in the last three years, including the date of the claim, the claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

SPECIAL INTERROGATORY NO. 8:

Identify any notices YOU have given to any insurer regarding Plaintiff's claim.

SPECIAL INTERROGATORY NO. 9:

With regard to the debt allegedly owed by the Plaintiff, itemize the amount of each portion of the debt and the authority therefor.

SPECIAL INTERROGATORY NO. 10:

Describe the maintenance of all procedures utilized by YOU to avoid violations of the Fair Debt Collection Practices Act.

SPECIAL INTERROGATORY NO. 11:

If YOU are affiliated with any other organization (e.g., common ownership, overlapping offices or facilities, overlapping officers, managers, directors or employees), describe the affiliation and IDENTIFY the participants.

/ / /

/ / /

/ / /

SPECIAL INTERROGATORY NO. 12:

Describe in detail any system(s) maintained or operated by YOU to record or memorialize contacts YOUR employees, agents or contractors have with consumers or third parties in connection with the collection of consumer accounts, and YOUR policies for operating the system(s).

SPECIAL INTERROGATORY NO. 13:

If YOU provide training to new employees or independent contractors involved in the collection of consumer accounts, please:

      a) Describe the training content, timing and duration;

      b) IDENTIFY all DOCUMENTS and audio or visual materials used in such training; and

      c) IDENTIFY each PERSON involved in such training.

DATED: March 25, 2009                    Respectfully submitted,

By: _____
          AIDAN BUTLER
          Attorney for Plaintiff
          CATHERINE BUI

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years of age, and am not a party to the within action; my business address is 3540 Wilshire Boulevard, Suite 1030, Los Angeles, California  90010.

     On March 25, 2009, I served the foregoing document, described as set forth below on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes, at Los Angeles, addressed as follows:

DOCUMENT SERVED :      **SPECIAL INTERROGATORIES, SET ONE**

PARTIES SERVED      :

Larissa G. Nefulda
CARLSON & MESSER, LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
Fax: (310) 242-2222

[ X ]   (BY REGULAR MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ]   (BY PERSONAL SERVICE) I caused such envelope to be personally delivered by hand to the offices of the addressee(s).

[   ]   (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]   (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

     EXECUTED at Los Angeles, California on March 25, 2009.

Aidan Butler

EXHIBIT "2"

Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178

Attorneys for Plaintiff CATHERINE BUI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE BUI, an individual, | CASE NO.: CV08-08297 SVW (FFMx) |
| Plaintiff, | |
| vs. | REQUESTS FOR PRODUCTION OF DOCUMENTS , SET ONE |
| ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION, a California professional corporation; ERICA LYNN BRACHFELD, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY    :    plaintiff CATHERINE BUI**

**ANSWERING PARTY    :    defendant ERICA L. BRACHFELD**

**SET NUMBER    :    One**

Pursuant to Federal Rules of Civil Procedure section 34, plaintiff CATHERINE BUI propounds the following requests for production of documents, set One, upon defendant ERICA L. BRACHFELD.  Original responsive documents are to be delivered for inspection and copying at 11:00 am on April 27, 2009,  to the offices of Aidan Butler, 3540 Wilshire Boulevard, Suite 1030, Los Angeles, California 90010.  If true and correct copies of all of the following documents are

delivered by aforesaid date, inspection of the originals is unnecessary.  Pursuant to Rule 26(e), the responses to these requests must be supplemented.

DOCUMENT REQUEST NO. 1:

All DOCUMENTS relating to, reflecting, pertaining to, memorializing, or describing YOUR attempts to collect money from CATHERINE BUI.

(As used herein, the term "YOU" shall refer to Erica L. Brachfeld, individually, and any debt collection company owned in full or in part by Erica L. Brachfeld which attempted to collect any debt from the Plaintiff herein during the past three years. The term DOCUMENT shall have the meaning provided by Evidence Code section 250 for the term "Writing," specifically: "'Writing' means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.")

DOCUMENT REQUEST NO. 2:

All DOCUMENTS which YOU sent, delivered, or transmitted to CATHERINE BUI.

DOCUMENT REQUEST NO. 3:

YOUR employee handbook.

DOCUMENT REQUEST NO. 4:

 Any and all printed materials -- including but not limited to training manuals -- which YOU have used in the past three years in training YOUR employees.

DOCUMENT REQUEST NO. 5:

 All DOCUMENTS -- including but not limited to pleadings and discovery -- relating to or prepared in connection with any lawsuits YOUR company has defended in which YOUR company was alleged to have violated the FDCPA.

DOCUMENT REQUEST NO. 6:

All DOCUMENTS reflecting, memorializing, summarizing, or describing YOUR policies regarding compliance with the FDCPA.

DOCUMENT REQUEST NO. 7:

All DOCUMENTS reflecting, memorializing, summarizing, or describing YOUR policies regarding compliance with California's Rosenthal Fair Debt Collection Practices Act.

DOCUMENT REQUEST NO. 8:

Any and all communications -- including but not limited to email correspondences -- between YOU and any PERSON relating to, about, or dealing with CATHERINE BUI.

DOCUMENT REQUEST NO. 9:

All insurance contracts and/or policies under which any company may be required to provide a defense to YOU in this case.

DOCUMENT REQUEST NO. 10:

All records maintained by YOU of any and all oral communications between YOU and Plaintiff during the last two years.

DOCUMENT REQUEST NO. 11:

All DOCUMENTS which constitute letters, notices, inquiries, demands, or any other communication from YOU to Plaintiff during the last five years.

DOCUMENT REQUEST NO. 12:

All DOCUMENTS identified by YOU in YOUR initial disclosures.

DOCUMENT REQUEST NO. 13:

All DOCUMENTS which constitute, reflect, or relate to any contract or agreement between YOU and any creditor, pursuant to which YOU attempted to collect any debt allegedly owed by Plaintiff.

DOCUMENT REQUEST NO. 14:

All DOCUMENTS received by YOU from any creditor relating to the Plaintiff herein, within the past five years.

DOCUMENT REQUEST NO. 15:

All DOCUMENTS identified by YOU in YOUR responses to the concurrently served special interrogatories, set one.

DOCUMENT REQUEST NO. 16:

All financial reports and statements to investors during the last two years relating to any debt collection company owned, in full or in part, by YOU.

DOCUMENT REQUEST NO. 17:

All of YOUR income tax returns filed during the last two years by any debt collection company owned in full or in part by YOU which attempted to collect any debt from the Plaintiff herein.

DOCUMENT REQUEST NO. 18:

YOUR entire file relating to the Plaintiff herein.

DOCUMENT REQUEST NO. 19:

All DOCUMENTS which support the first affirmative defense of YOUR answer, failure to state a claim.

DOCUMENT REQUEST NO. 20:

All DOCUMENTS which support the second affirmative defense of YOUR answer, privilege.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | DOCUMENT REQUEST NO. 21:

2 | All DOCUMENTS which support the third affirmative defense of YOUR answer,

3 | violation of constitutional rights.

4 |

5 | DATED: March 25, 2009                    Respectfully submitted,

6 |

7 |                                   By: _____

8 |                                       AIDAN BUTLER
                                          Attorney for Plaintiff
9 |                                       CATHERINE BUI

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA      )

3

COUNTY OF LOS ANGELES )

4

5        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years of age, and am not a party to the within action; my business address is

6  3540 Wilshire Boulevard, Suite 1030, Los Angeles, California  90010.

7        On March 25, 2009, I served the foregoing document, described as set forth below on the interested parties in this action by placing true copies thereof enclosed in sealed

8  envelopes, at Los Angeles, addressed as follows:

9  DOCUMENT SERVED :    **REQUESTS FOR PRODUCTION OF DOCUMENTS , SET ONE**

10

11  PARTIES SERVED    :

Larissa G. Nefulda

12  CARLSON & MESSER, LLP
5959 W. Century Blvd., Suite 1214

13  Los Angeles, CA 90045
Fax: (310) 242-2222

14

15  [ X ]  (BY REGULAR MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am

16          "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that

17          same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage

18          meter date is
more than one day after date of deposit for mailing in affidavit.

19

20  [  ]  (BY PERSONAL SERVICE) I caused such envelope to be personally delivered by hand to the offices of the addressee(s).

21

22  [  ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23  [ X ]  (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

24

25        EXECUTED at Los Angeles, California on March 25, 2009.

26

27                        Aidan Butler

28

EXHIBIT "3"

1  DAVID J. KAMINSKI (State Bar No. 128509)
   kaminskd@cmtlaw.com
2  LARISSA G. NEFULDA (State Bar No. 201903)
   nefuldal@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendants,
   ERICA L. BRACHFELD, A.P.C. and ERICA L.
7  BRACHFELD

8                   IN THE UNITED STATES DISTRICT COURT

9               FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 CATHERINE BUI, an individual,      )  CASE NO. CV 08-08297 SVW (FFMx)
                                      )
12              Plaintiff,            )  **DEFENDANT ERICA LYNN**
                                      )  **BRACHFELD'S RESPONSES TO**
13        VS.                         )  **PLAINTIFF'S INTERROGATORIES**
                                      )
14                                    )
   ERICA L. BRACHFELD, A             )
15 PROFESSIONAL                      )
   CORPORATION, a California         )
16 professional corporation;         )
                                      )
17              Defendant.            )
                                      )
18                                    )
                                      )
19                                    )

20 PROPOUNDING PARTY:     Plaintiff, CATHERINE BUI

21 RESPONDING PARTY:      Defendant, ERICA LYNN BRACHFELD

22 SET NO.                ONE

23        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant

24 ERICA LYNN BRACHFELD hereby responds to Plaintiff CATHERINE BUI's

25 Interrogatories.

26        This responding party has not fully completed its investigation of the facts

27 relating to this case, has not fully completed its discovery in this action, and has not

28 fully completed its preparation for trial.  All of the responses contained herein are

                                        1

1  based only upon such information and documents presently available to and
2  specifically known to this responding party and disclose only those contentions
3  which are presently known to this responding party.  It is anticipated that further
4  discovery, independent investigation, legal research and analysis will supply
5  additional facts, add meaning to the known facts, as well as establish entirely new
6  factual and legal conclusions, all of which may lead to substantial additions to,
7  changes and variations from the contentions set forth herein.

8          The following responses are given without prejudice to this responding
9  party's right to produce any evidence of any undiscovered fact or facts which this
10  responding party may later recall or locate.  Responding party accordingly reserves
11  the right to change any and all responses herein as additional facts are ascertained,
12  analyses are made, legal research is completed and contentions are made.  The
13  responses contained herein are made in a good faith effort to supply as much factual
14  information and as much specification of legal contentions as is presently known
15  but should in no way be to the detriment of this responding party in relation to
16  further discovery.  It should further be noted that these discovery responses are
17  made solely for the purpose of this action.

<div align="center">

**RESPONSES TO INTERROGATORIES**

</div>

18
19  **INTERROGATORY NO. 1:**

20          For each time that YOU communicated with Plaintiff, either orally or in
21  writing, please:

22          a) State the date of the communication;

23          b) IDENTIFY all persons known by YOU to have knowledge of such
24  communication; and

25          c) IDENTIFY all DOCUMENTS which reflect, pertain to, relate to, or deal
26  with that communication.

27  **RESPONSE TO INTERROGATORY NO. 1:**

28          Defendant objects to the interrogatory on the grounds it is vague and

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

<div align="center">2</div>

1  ambiguous as to the term, "YOU."  Subject to and without waiving said objections,

2  Defendant responds as follows: Defendant will produce a copy of Erica L.

3  Brachfeld, APC's collection notes relating to the subject account.

4  **INTERROGATORY NO. 2:**

5      IDENTIFY by caption, court, case number, and result all litigation filed

6  against YOU alleging violations of the Fair Debt Collection Practices Act.

7  **RESPONSE TO INTERROGATORY NO. 2:**

8      Defendant objects to the interrogatory on the grounds it is vague and

9  ambiguous, including vague and ambiguous as to the term, "YOU." Defendant

10 further objects to the interrogatory on the grounds that it is overly broad, unduly

11 burdensome, oppressive, and calls for information which is not relevant and not

12 reasonably calculated to lead to the discovery of admissible evidence concerning

13 Plaintiff's claims and Defendant's defenses.

14 **INTERROGATORY NO. 3:**

15      For each communication YOU had with any PERSON relating to, regarding,

16 dealing with, mentioning, or in any way about Plaintiff, whether oral or written,

17 please:

18      a) State the date of the communication;

19      b) IDENTIFY all persons known by YOU to have knowledge of such

20 communication; and

21      c) IDENTIFY all DOCUMENTS which reflect, pertain to, relate to, or deal

22 with that communication.

23 **RESPONSE TO INTERROGATORY NO. 3:**

24      Defendant objects to the interrogatory on the grounds it is vague and

25 ambiguous as to the term, "YOU." Defendant further objects to the interrogatory on

26 the grounds it calls for information which is protected by the attorney-client and/or

27 work product privileges, is overly broad, unduly burdensome, and oppressive.

28 Subject to and without waiving said objection, Defendant responds as follows:

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

3

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes

2  relating to the subject account.

3  **INTERROGATORY NO. 4:**

4      List all phone numbers YOU or anyone acting on YOUR behalf called in

5  connection with YOUR attempts to collect any debt from the Plaintiff.

6  **RESPONSE TO INTERROGATORY NO. 4:**

7      Defendant objects to the interrogatory on the grounds it is vague and

8  ambiguous as to the term, "YOU."  Subject to and without waiving said objections,

9  Defendant responds as follows: (714) 742-1417, (714) 742-3884, and (714) 775-

10  0839.

11  **INTERROGATORY NO. 5:**

12      IDENTIFY any and all DOCUMENTS YOU received from the original

13  creditor relating to, describing, summarizing, mentioning, or in any way about the

14  Plaintiff.

15  **RESPONSE TO INTERROGATORY NO. 5:**

16      Defendant objects to the interrogatory on the grounds it is vague and

17  ambiguous as to the term, "YOU."  Subject to and without waiving said objections,

18  Defendant responds as follows: Defendant does not have any items in its

19  possession, custody and/or control responsive to the interrogatory.

20  **INTERROGATORY NO. 6:**

21      State the names, aliases, job titles, business and home addresses and

22  telephone numbers, date of initial employment and date of and reason for

23  termination of each of YOUR employees

24      a) who contacted Plaintiff or another person relating to Plaintiff's alleged

25  debt;

26          and

27      b) who have left YOUR employment within the last three years.

28  / / /

4

1 **RESPONSE TO INTERROGATORY NO. 6:**

2      Defendant objects to the interrogatory on the grounds it is vague and

3 ambiguous as to the term, "YOUR." Subject to and without waiving said

4 objections, Defendant responds as follows: Burt Edwards, former collector; Benny

5 Delcastillo, collector; and Maritza Ambriz, collector.

6 **INTERROGATORY NO. 7:**

7      Identify and describe each claim made under each liability insurance policy in

8 the last three years, including the date of the claim, the claim number, the subject of

9 the claim, the status of the claim, the resolution of the claim, and any amounts paid

10 under each policy.

11 **RESPONSE TO INTERROGATORY NO. 7:**

12      Defendant objects to the interrogatory on the grounds that it is vague,

13 ambiguous, overly broad, unduly burdensome and oppressive. Defendant further

14 objects to the interrogatory to the extent it calls for information which is not

15 relevant and not reasonably calculated to lead to the discovery of admissible

16 evidence concerning Plaintiff's claims and Defendant's defenses.

17 **INTERROGATORY NO. 8:**

18      Identify any notices YOU have given to any insurer regarding Plaintiff's

19 claim.

20 **RESPONSE TO INTERROGATORY NO. 8:**

21      Defendant objects to the interrogatory on the grounds it is vague and

22 ambiguous, including vague and ambiguous as to the term, "YOU." Subject to and

23 without waiving said objections, Defendant responds as follows: Defendant has not

24 made a claim to any insurance carrier arising out of Plaintiff's claim.

25 **INTERROGATORY NO. 9:**

26      With regard to the debt allegedly owed by the Plaintiff, itemize the amount of

27 each portion of the debt and the authority therefor.

28 / / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

5

1 | **RESPONSE TO INTERROGATORY NO. 9:**

2 | The principal amount of the debt is $5,484.38.  The interest is $2,279.67.

3 | Credit Card Finance Agreement.

4 | **INTERROGATORY NO. 10:**

5 | Describe the maintenance of all procedures utilized by YOU to avoid

6 | violations of the Fair Debt Collection Practices Act.

7 | **RESPONSE TO INTERROGATORY NO. 10:**

8 | Defendant objects to the interrogatory on the grounds it is vague and

9 | ambiguous as to the term, "YOU."  Defendant further objects to the interrogatory on

10 | the grounds it calls for proprietary and confidential information and calls for

11 | information which is not relevant and not reasonably calculated to lead to the

12 | discovery of admissible evidence concerning Plaintiff's claims and Defendant's

13 | defendants thereto.

14 | Subject to and without waiving said objections, Defendant responds as

15 | follows: Once an appropriate protective order is entered, Defendant will produce

16 | relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern

17 | Plaintiff's claims.

18 | **INTERROGATORY NO. 11:**

19 | If YOU are affiliated with any other organization (e.g., common ownership,

20 | overlapping offices or facilities, overlapping officers, managers, directors or

21 | employees), describe the affiliation and IDENTIFY the participants.

22 | **RESPONSE TO INTERROGATORY NO. 11:**

23 | Defendant objects to the interrogatory on the grounds it is vague and

24 | ambiguous as to the term, "YOU."  Defendant further objects to this interrogatory

25 | on the grounds it calls for information which is not relevant and not reasonably

26 | calculated to lead to the discovery of admissible evidence regarding Plaintiff's

27 | claims and Defendant's defenses.

28 | / / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

6

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1   **INTERROGATORY NO. 12:**

2       Describe in detail any system(s) maintained or operated by YOU to record or

3   memorialize contacts YOUR employees, agents or contractors have with consumers

4   or third parties in connection with the collection of consumer accounts, and YOUR

5   policies for operating the system(s).

6   **RESPONSE TO INTERROGATORY NO. 12:**

7       Defendant objects to the interrogatory on the grounds it is vague and

8   ambiguous as to the term, "YOU." Defendant further objects to the interrogatory on

9   the grounds it calls for proprietary and confidential information and calls for

10  information which is not relevant and not reasonably calculated to lead to the

11  discovery of admissible evidence concerning Plaintiff's claims and Defendant's

12  defenses thereto.

13      Subject to and without waiving said objections, Defendant responds as

14  follows: Defendant Erica L. Brachfeld, A.P.C. uses the CLS System for its

15  collection notes. Defendant Erica L. Brachfeld, A.P.C. uses the Touch Star dialing

16  system.

17  **INTERROGATORY NO. 13:**

18      If YOU provide training to new employees or independent contractors

19  involved in the collection of consumer accounts, please:

20          a) Describe the training content, timing and duration;

21          b) IDENTIFY all DOCUMENTS and audio or visual materials used in such

22              training; and

23          c) IDENTIFY each PERSON involved in such training.

24  **RESPONSE TO INTERROGATORY NO. 13:**

25      Defendant objects to the interrogatory on the grounds it is vague and

26  ambiguous as to the term, "YOU." Defendant further objects to the interrogatory on

27  the grounds it calls for proprietary and confidential information and calls for

28  information which is not relevant and not reasonably calculated to lead to the

7

1  discovery of admissible evidence concerning Plaintiff's claims and Defendant's
2  defendants thereto.

3      Subject to and without waiving said objections, Defendant responds as
4  follows: Once an appropriate protective order is entered, Defendant will produce
5  relevant portions of Erica L. Brachfeld's policies and procedures that concern
6  Plaintiff's claims.

7

8  DATED: April 29, 2009                CARLSON & MESSER LLP

9

10                                By
11                                   David J. Kaminski
                                   Larissa G. Nefulda
12                                 Attorneys for Defendants,
                                   ERICA L. BRACHFELD, A.P.C. and
13                                 ERICA L. BRACHFELD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05868.00/132902

DEFENDANT ERICA LYNN BRACHFELD'S
RESPONSES TO PLAINTIFF'S INTERROGATORIES
CASE NO. SACV08-1328 AHS (JWJx)

## VERIFICATION

UNITED STATES DISTRICT COURT                )
DISTRICT OF CALIFORNIA, CENTRAL      )   ss.
DISTRICT                                                       )
                                                                        )

I have read the foregoing  **DEFENDANT ERICA LYNN BRACHFELD'S RESPONSES TO PLAINTIFF'S INTERROGATORIES** and know its contents.

[X]   I, Erica Lynn Brachfeld, am a party to this action.  The matters stated in the foregoing **DEFENDANT ERICA LYNN BRACHFELD'S RESPONSES TO PLAINTIFF'S INTERROGATORIES** is true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am authorized to make this verification on behalf of ERICA L. BRACHFELD, APC I have read the foregoing **DEFENDANT ERICA LYNN BRACHFELD'S RESPONSES TO PLAINTIFF'S INTERROGATORIES** and know the contents thereof.  To the extent that I have personal knowledge of the facts contained therein, the same are true and correct.  Insofar as said facts are based on a composite of information of many individuals, I do not have personal knowledge concerning all of the information contained in said Answers and Responses, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

[ ]   I am one of the attorneys/party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I am make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document(s) are true.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on the ___ day of April, 2009, in Torrance, California.

By _____
        Erica Lynn Brachfeld, APC

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        )  ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **May 1, 2009,** I served the foregoing document described as: **DEFENDANT ERICA LYNN BRACHFELD'S RESPONSES TO PLAINTIFF'S INTERROGATORIES** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

☒  (BY MAIL)

I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐  (BY FACSIMILE)

I transmitted via telecopier machine such document to the offices of the addressees.

☒  (Federal)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **1st** day of **May, 2009** at Los Angeles, California.

Linda Brooks

05868.00:153528

1

## SERVICE LIST
### Catherine Bui v. Erica L. Brachfeld, a Professional Corporation
### 05868.00

2

3    Aidan W. Butler                      **Attorney for Plaintiff:**

Attorney at Law                    **CATHERINE BUI**

4    3540 Wilshire Blvd.

Suite 1030

5    Los Angeles, CA 90010

6    Tele: (213) 388-5168

Fax: (213) 388-5178

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05868.00:153528

EXHIBIT "4"

1   DAVID J. KAMINSKI (State Bar No. 128509)
    kaminskd@cmtlaw.com
2   LARISSA G. NEFULDA (State Bar No. 201903)
    nefuldal@cmtlaw.com
3   CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
4   Los Angeles, California 90045
    (310) 242-2200 Telephone
5   (310) 242-2222 Facsimile

6   Attorneys for Defendants,
    ERICA L. BRACHFELD, A.P.C. and ERICA L.
7   BRACHFELD

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  CATHERINE BUI, an individual,      )   CASE NO. CV 08-08297 SVW (FFMx)
                                        )
12              Plaintiff,              )   **DEFENDANT ERICA LYNN
                                        )   BRACHFELD'S RESPONSES TO
13     VS.                              )   PLAINTIFF'S REQUESTS FOR
                                        )   PRODUCTION OF DOCUMENTS**
14                                      )
    ERICA L. BRACHFELD, A              )
15  PROFESSIONAL                        )
    CORPORATION, a California          )
16  professional corporation;          )
                                        )
17              Defendant.              )
                                        )
18                                      )
                                        )
19  _____    )

20  PROPOUNDING PARTY:      Plaintiff, CATHERINE BUI

21  RESPONDING PARTY:       Defendant, ERICA LYNN BRACHFELD

22  SET NO.                 ONE

23          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant

24  ERICA LYNN BRACHFELD hereby responds to Plaintiff CATHERINE BUI's

25  Interrogatories.

26          This responding party has not fully completed its investigation of the facts

27  relating to this case, has not fully completed its discovery in this action, and has not

28  fully completed its preparation for trial.  All of the responses contained herein are

                                        1

1 | based only upon such information and documents presently available to and
2 | specifically known to this responding party and disclose only those contentions
3 | which are presently known to this responding party.  It is anticipated that further
4 | discovery, independent investigation, legal research and analysis will supply
5 | additional facts, add meaning to the known facts, as well as establish entirely new
6 | factual and legal conclusions, all of which may lead to substantial additions to,
7 | changes and variations from the contentions set forth herein.

8 |        The following responses are given without prejudice to this responding
9 | party's right to produce any evidence of any undiscovered fact or facts which this
10 | responding party may later recall or locate.  Responding party accordingly reserves
11 | the right to change any and all responses herein as additional facts are ascertained,
12 | analyses are made, legal research is completed and contentions are made.  The
13 | responses contained herein are made in a good faith effort to supply as much factual
14 | information and as much specification of legal contentions as is presently known
15 | but should in no way be to the detriment of this responding party in relation to
16 | further discovery.  It should further be noted that these discovery responses are
17 | made solely for the purpose of this action.

18 | **RESPONSES TO DOCUMENT REQUESTS**
19 | **DOCUMENT REQUEST NO. 1:**

20 |        All DOCUMENTS relating to, reflecting, pertaining to, memorializing, or
21 | describing YOUR attempts to collect money from CATHERINE BUI.
22 | (As used herein, the term "YOU" shall refer to Erica L. Brachfeld, individually, and
23 | any debt collection company owned in full or in part by Erica L. Brachfeld which
24 | attempted to collect any debt from the Plaintiff herein during the past three years.
25 | The term DOCUMENT shall have the meaning provided by Evidence Code section
26 | 250 for the term "Writing," specifically: "'Writing' means handwriting, typewriting,
27 | printing, photostating, photographing, photocopying, transmitting by electronic mail
28 | or facsimile, and every other means of recording upon any tangible thing any form

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

2

1  of communication or representation, including letters, words, pictures, sounds, or

2  symbols, or combinations thereof, and any record thereby created, regardless of the

3  manner in which the record has been stored.")

4  **RESPONSE TO DOCUMENT REQUEST NO. 1:**

5  Defendant objects to the request on the grounds it is vague and ambiguous as

6  to the term, "YOUR."  Subject to and without waiving said objections, Defendant

7  responds as follows: Defendant will produce a copy of Erica L. Brachfeld, APC's

8  collection notes relating to the subject account.

9  **DOCUMENT REQUEST NO. 2:**

10  All DOCUMENTS which YOU sent, delivered, or transmitted to

11  CATHERINE BUI.

12  **RESPONSE TO DOCUMENT REQUEST NO. 2:**

13  Defendant objects to the request on the grounds it is vague and ambiguous as

14  to the term, "YOU."  Subject to and without waiving said objections, Defendant

15  responds as follows: A sample of the letter sent to Plaintiff on July 29, 2008 will be

16  produced.

17  **DOCUMENT REQUEST NO. 3:**

18  YOUR employee handbook.

19  **RESPONSE TO DOCUMENT REQUEST NO. 3:**

20  Defendant objects to the request on the grounds it is vague and ambiguous as

21  to the term, "YOU."  Defendant further objects to the interrogatory on the grounds it

22  is overly broad, unduly burdensome, calls for proprietary and confidential

23  information and calls for information which is not relevant and not reasonably

24  calculated to lead to the discovery of admissible evidence concerning Plaintiff's

25  claims and Defendant's defendants thereto.

26  Subject to and without waiving said objections, Defendant responds as

27  follows: Once an appropriate protective order is entered, Defendant will produce

28  relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

3

DEFENDANT ERICA LYNN BRACHFELD'S
RESPONSES TO PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. SACV08-1328 AHS (JWJx)

1  Plaintiff's claims.

2  **DOCUMENT REQUEST NO. 4:**

3      Any and all printed materials -- including but not limited to training manuals -

4  - which YOU have used in the past three years in training YOUR employees.

5  **RESPONSE TO DOCUMENT REQUEST NO. 4:**

6      Defendant objects to the request on the grounds it is vague and ambiguous as

7  to the term, "YOU." Defendant further objects to the interrogatory on the grounds it

8  is overly broad, unduly burdensome, calls for proprietary and confidential

9  information and calls for information which is not relevant and not reasonably

10  calculated to lead to the discovery of admissible evidence concerning Plaintiff's

11  claims and Defendant's defendants thereto.

12      Subject to and without waiving said objections, Defendant responds as

13  follows: Once an appropriate protective order is entered, Defendant will produce

14  relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern

15  Plaintiff's claims.

16  **DOCUMENT REQUEST NO. 5:**

17      All DOCUMENTS -- including but not limited to pleadings and discovery --

18  relating to or prepared in connection with any lawsuits YOUR company has

19  defended in which YOUR company was alleged to have violated the FDCPA.

20  **RESPONSE TO DOCUMENT REQUEST NO. 5:**

21      Defendant objects to the request on the grounds it is vague and ambiguous,

22  including vague and ambiguous as to the term, "YOUR." Defendant further objects

23  to the interrogatory on the grounds that it is overly broad, unduly burdensome,

24  oppressive, and calls for information which is not relevant and not reasonably

25  calculated to lead to the discovery of admissible evidence concerning Plaintiff's

26  claims and Defendant's defenses.

27  **DOCUMENT REQUEST NO. 6:**

28      All DOCUMENTS reflecting, memorializing, summarizing, or describing

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

4

DEFENDANT ERICA LYNN BRACHFELD'S
RESPONSES TO PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. SACV08-1328 AHS (JWJx)

1 | YOUR policies regarding compliance with the FDCPA.

2 | **RESPONSE TO DOCUMENT REQUEST NO. 6:**

3 | Defendant objects to the request on the grounds it is vague and ambiguous as
4 | to the term, "YOU." Defendant further objects to the interrogatory on the grounds it
5 | is overly broad, unduly burdensome, calls for proprietary and confidential
6 | information and calls for information which is not relevant and not reasonably
7 | calculated to lead to the discovery of admissible evidence concerning Plaintiff's
8 | claims and Defendant's defendants thereto.

9 | Subject to and without waiving said objections, Defendant responds as
10 | follows: Once an appropriate protective order is entered, Defendant will produce
11 | relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern
12 | Plaintiff's claims.

13 | **DOCUMENT REQUEST NO. 7:**

14 | All DOCUMENTS reflecting, memorializing, summarizing, or describing
15 | YOUR policies regarding compliance with California's Rosenthal Fair Debt
16 | Collection Practices Act.

17 | **RESPONSE TO DOCUMENT REQUEST NO. 7:**

18 | Defendant objects to the request on the grounds it is vague and ambiguous as
19 | to the term, "YOU." Defendant further objects to the interrogatory on the grounds it
20 | is overly broad, unduly burdensome, calls for proprietary and confidential
21 | information and calls for information which is not relevant and not reasonably
22 | calculated to lead to the discovery of admissible evidence concerning Plaintiff's
23 | claims and Defendant's defendants thereto.

24 | Subject to and without waiving said objections, Defendant responds as
25 | follows: Once an appropriate protective order is entered, Defendant will produce
26 | relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern
27 | Plaintiff's claims.

28 | / / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

5

DEFENDANT ERICA LYNN BRACHFELD'S
RESPONSES TO PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. SACV08-1328 AHS (JWJx)

**DOCUMENT REQUEST NO. 8:**

Any and all communications -- including but not limited to email correspondences -- between YOU and any PERSON relating to, about, or dealing with CATHERINE BUI.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to the request on the grounds it is vague and ambiguous as to the term, "YOU." Defendant further objects to the interrogatory on the grounds it calls for information which is protected by the attorney-client and/or work product privileges, is overly broad, unduly burdensome, and oppressive. Subject to and without waiving said objection, Defendant responds as follows: Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes relating to the subject account.

**DOCUMENT REQUEST NO. 9:**

All insurance contracts and/or policies under which any company may be required to provide a defense to YOU in this case.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU." Subject to and without waiving said objections, Defendant responds as follows: Defendant has not made a claim to any insurance carrier arising out of Plaintiff's claim.

**DOCUMENT REQUEST NO. 10:**

All records maintained by YOU of any and all oral communications between YOU and Plaintiff during the last two years.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU." Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes relating to the subject account.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05868.00/132906

DEFENDANT ERICA LYNN BRACHFELD'S
RESPONSES TO PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. SACV08-1328 AHS (JWJx)

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**DOCUMENT REQUEST NO. 11:**

All DOCUMENTS which constitute letters, notices, inquiries, demands, or any other communication from YOU to Plaintiff during the last five years.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU." Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes relating to the subject account and a sample of the collection letter sent to Plaintiff on July 29, 2008.

**DOCUMENT REQUEST NO. 12:**

All DOCUMENTS identified by YOU in YOUR initial disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU." Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes relating to the subject account and a sample of the collection letter sent to Plaintiff on July 29, 2008.

**DOCUMENT REQUEST NO. 13:**

All DOCUMENTS which constitute, reflect, or relate to any contract or agreement between YOU and any creditor, pursuant to which YOU attempted to collect any debt allegedly owed by Plaintiff.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU," is overly broad, unduly burdensome, and oppressive. Defendant further objects to the request on the grounds it calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses.

7

03868.00/152906

DEFENDANT ERICA LYNN BRACHFELD'S
RESPONSES TO PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. SACV08-1328 AHS (JWJx)

**DOCUMENT REQUEST NO. 14:**

All DOCUMENTS received by YOU from any creditor relating to the Plaintiff herein, within the past five years.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU," is overly broad, unduly burdensome, and oppressive. Defendant further objects to the request on the grounds it calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses. Subject to and without waiving said objections, Defendant responds as follows: After a reasonable search and diligent inquiry, Defendant responds that it does not have any items in its possession, custody and/or control responsive to this request.

**DOCUMENT REQUEST NO. 15:**

All DOCUMENTS identified by YOU in YOUR responses to the concurrently served special interrogatories, set one.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU" or "YOUR." Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes relating to the subject account and a sample of the collection letter sent to Plaintiff on July 29, 2008.

**DOCUMENT REQUEST NO. 16:**

All financial reports and statements to investors during the last two years relating to any debt collection company owned, in full or in part, by YOU.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOU." Defendant further objects to the request on the grounds the request is overly broad, unduly burdensome,

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

8

05868.00/132906

DEFENDANT ERICA LYNN BRACHFELD'S
RESPONSES TO PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. SACV08-1328 AHS (JWJx)

1  oppressive, and it calls for information which is not relevant and not reasonably

2  calculated to lead to the discovery of admissible evidence regarding Plaintiff's

3  claims and Defendant's defenses.

4  **DOCUMENT REQUEST NO. 17:**

5  All of YOUR income tax returns filed during the last two years by any debt

6  collection company owned in full or in part by YOU which attempted to collect any

7  debt from the Plaintiff herein.

8  **RESPONSE TO DOCUMENT REQUEST NO. 17:**

9  Defendant objects to the request on the grounds it is vague and ambiguous,

10  including vague and ambiguous as to the term, "YOU." Defendant further objects

11  to the request on the grounds the request is overly broad, unduly burdensome,

12  oppressive, and it calls for information which is not relevant and not reasonably

13  calculated to lead to the discovery of admissible evidence regarding Plaintiff's

14  claims and Defendant's defenses.

15  **DOCUMENT REQUEST NO. 18:**

16  YOUR entire file relating to the Plaintiff herein.

17  **RESPONSE TO DOCUMENT REQUEST NO. 18:**

18  Defendant objects to the request on the grounds it is vague and ambiguous,

19  including vague and ambiguous as to the term, "YOUR." Defendant further objects

20  to the request on the grounds the request calls for information which is protected by

21  the attorney-client and/or work product privileges. Subject to and without waiving

22  said objections, Defendant responds as follows: Defendant will produce a copy of

23  Erica L. Brachfeld, APC's collection notes relating to the subject account and a

24  sample of the collection letter sent to Plaintiff on July 29, 2008.

25  **DOCUMENT REQUEST NO. 19:**

26  All DOCUMENTS which support the first affirmative defense of YOUR

27  answer, failure to state a claim.

28  / / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

9

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOUR." Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce a copy of Erica L. Brachfeld, APC's collection notes relating to the subject account and a sample of the collection letter sent to Plaintiff on July 29, 2008.

**DOCUMENT REQUEST NO. 20:**

All DOCUMENTS which support the second affirmative defense of YOUR answer, privilege.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOUR." Subject to and without waiving said objections, Defendant responds as follows: Defendant does not any documents at this time. Defendant reserves the right to supplement this response.

**DOCUMENT REQUEST NO. 21:**

All DOCUMENTS which support the third affirmative defense of YOUR answer, violation of constitutional rights.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to the request on the grounds it is vague and ambiguous, including vague and ambiguous as to the term, "YOUR." Subject to and without waiving said objections, Defendant responds as follows: Defendant does not any documents at this time. Defendant reserves the right to supplement this response.

DATED: April 29, 2009          CARLSON & MESSER LLP

By _____
David J. Kaminski
Larissa G. Nefulda
Attorneys for Defendants,
ERICA L. BRACHFELD, A.P.C. and
ERICA L. BRACHFELD

10

DEFENDANT ERICA LYNN BRACHFELD'S
RESPONSES TO PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
CASE NO. SACV08-1328 AHS (JWJx)

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

03/24/2009

Paul Nyce
TRAK AMERICA ARROW
600 Broadhollow Rd
Melville, NY 11747

FIRM FILE #: TA054117
YOUR FILE #: 6019182302180890

Creditor: GE MONEY BANK
          vs.
Debtor: BUI/CATHERINE

Original Claim: $ 5484.38
Judgment Amount:  0
Balance Due: $ 5745.38
Court Case Number:

PAPERLESS FILE
==================================

| 07/29/08 EDI | | | | | |
|---|---|---|---|---|---|
| 09:56:23 | *Memo | INSTRUCTION 6815C | | | |
| | *Memo | Client FILE# B325460 | | | |
| | *Memo | DEBTOR01 EMP PHONE: 7147421417 | | | |
| | 91 | New Claim Entry | | | $5,484.38 |
| MJB | | | | | |
| 10:41:48 | Xack | Claim Acknowledgment | | | |
| 11:10:23 | Demand1 | FIRST DEMAND LETTER & GLB | | | |
| 07/30/08 MJB | | | | | |
| 07:51:52 | Tuaddr | | | 16606 | REDWOOD |
| | Tucsz | FOUNTAIN VALLEY,  CA  92708 | | | |
| | Tuphone | 07750839 | | | |
| | Tudob | 7/22/1986 | | | |
| | Tuscore | | | 720 | |

```
          |Avlcre  |300
      EDI |        |
08:34:36  |Xscrub  |ASSET, PHONE, AND ADDRESS
          |  ''    |        :720 A      7/22/1986
07/31/08 MJB|       |
07:16:37  |*Collctr|Added new collector #: 17
      RJJ |        |
17:23:02  |XCD     |Called Debtor - See Notes   CALLED DBTR AT PHN1 LFT
          |  ''    |       MSG..................CGB
          |*Del-  5|NEW-FIFTH CONTACT
          |*Del-  1|NEW-FIRST CONTACT   :ODBC-Diary:08/07/31
          |*Add-2  |NEW-SECOND CONTACT  :ODBC-Diary:08/07/31
          |XCD     |Called Debtor - See Notes   CALLED DBTR ON PHN2 TT LDY
          |  ''    |       SD SHE DID NT KNOW DBTR WANTS NUM
          |  ''    |       REMOVED..............CGB
17:24:59  |*Claim  |Claim:2 Fields Added
      PH  |        |
10:26:41  |*Tsxfer |TS TRANSFER CALL            07/31/2008 - 714/742-3884
08/06/08 JRR|       |
09:11:30  |*Del-  2|NEW-SECOND CONTACT  :ODBC-Diary:08/07/31
          |*Add-3  |NEW-THIRD CONTACT   :ODBC-Diary:08/07/31
      PH  |        |
10:12:20  |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 08/06/2008 - 714/742-3884
08/14/08 ADG|       |
13:56:25  |*Tsdrop |TS DROPPED CALL             08/13/2008 - 714/742-1417
08/13/08 PH |       |
13:56:25  |*Tsdrop |TS DROPPED CALL             08/13/2008 - 714/742-1417
08/23/08 MJB|       |
09:59:11  |*Tsdrop |TS DROPPED CALL             08/23/2008 - 714/742-3884
08/25/08 MJB|       |
13:30:40  |*Tsdrop |TS DROPPED CALL             08/25/2008 - 714/742-1417
08/26/08 PH |       |
13:28:08  |*Tsdrop |TS DROPPED CALL             08/26/2008 - 714/742-1417
08/27/08 PH |       |
10:10:49  |*Tsdrop |TS DROPPED CALL             08/27/2008 - 714/742-3884
08/29/08 MJB|       |
09:17:15  |*Tsnmlx |TS NO MESSAGE LEFT ON MACHI 08/29/2008 - 714/742-3884
09/03/08 KS |       |
11:58:10  |XCD     |Called Debtor - See Notes   CLD RES LMOM...KMS
      PH  |        |
12:57:57  |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 09/03/2008 - 714/742-1417
09/16/08 GV |       |
11:20:03  |*Dbt001 |Debtor:1 Fields Added
          |*Del- 16|REQUEST SUIT
```

B00002

```
             |*Add-520|REQUEST SUMMONS AND
             |*Claim  |Claim:1 Fields Modified 5 Fields Added
             |*Plt_2  |Added new Information
             |*Dffnd_1|Added new Information
             |*Paralg1| Paralegal #: Changed from 1 to 2
             |*Venue1 |Added new    Venue 1 #: #25
             |*Sherif1|Added new   Sheriff 1 #: #2
09/17/08 GV  |        |
  12:38:22   |51      |File Suit                                        $180.00
             |55      |PROCESS SERVER                                    $81.00
  12:41:21   |Jalssi  |FILE & SERVICE INSTRUCTIONS
             |Jcvcsht |CIVIL CASE COVER SHEET
             |Jsummon1|LAWSUIT FILING
             |Xaffd   |REQUEST AFFIDAVIT
             |Xmreq   |MEDIA REQUEST
09/18/08 JZC|        |
  12:55:57   |XCD     |Called Debtor - See Notes   CALLED DBTR AT PHN1 LFT
             | ''     |       MSG...............CGB
             |*Del-  3|NEW-THIRD CONTACT   :ODBC-Diary:08/07/31
             |*Add-4  |NEW-FOURTH CONTACT  :ODBC-Diary:08/07/31
09/23/08 JL  |        |
  17:15:03   |Xmedreq |REQUESTED MEDIA FROM CLIENT
09/25/08 CCW|        |
  16:57:54   |XCD     |Called Debtor - See Notes
             | ''     |      LMC......SAA 6036
        PH   |        |
  17:56:01   |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 09/25/2008 - 714/742-3884
10/08/08 JL  |        |
  16:52:03   |T585dec |DEC - (IF STATEMENT FOR DP)
10/22/08 PH  |        |
  23:14:01   |*Collctr|Collector #: changed from 17 to 132
10/23/08 JG  |        |
  09:08:55   |XCD     |Called Debtor - See Notes   TEL RES: NO ANS, LM4 RTN
             | ''     |      CB...JTAII
             |*Del-  4|NEW-FOURTH CONTACT  :ODBC-Diary:08/07/31
             |*Add-602|HOT SKIP LOCATE     :ODBC-Diary:08/07/31
             |*Del-  1|NEW-FIRST CONTACT   :ODBC-Diary:08/10/22
             |*Add-7  |GOOD PHONE          :ODBC-Diary:08/10/22
             |XGP     |GOOD PHONE
             |Xhot    |HOT-CONTACT DEBTOR
             |*Add-15 |HOT-CONTACT DEBTOR
             |*Claim  |Claim:2 Fields Modified
10/25/08 MRZ|        |
  08:44:20   |XCD     |Called Debtor - See Notes   LFT MSSGE ON VM AT
```

B00003

```
              |  ' '  |      PHN1...........QDH
10/23/08 PH   |       |
  10:08:55    |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 10/23/2008 - 714/742-3884
10/25/08 PH   |       |
  09:44:10    |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 10/25/2008 - 714/742-3884
11/03/08 JW   |       |
  17:38:12    |Xlsotc |LAWSUIT OUT TO COURT-ALSSI  CHECK #66172 FOR $180.00
11/06/08 ADG  |       |
  12:05:42    |Xforward|CLAIM SENT TO ALSSI
11/20/08 JCC  |       |
  09:48:11    |xcd    |Called Debtor - See Notes   ph 1 and ph 2 lft
              |  ' '  |        msg.........ph 714-775-0839
  10:04:29    |*N/A   |sw db sz she is a full time student and not
              |  ' '  |        working, offered her $4000 sif..sz she can not
              |  ' '  |        do that......
  10:06:57    |xppa   |PAYMENT PLAN IN EFFECT
              |  ' '  |        db will do 3 good faith pmt $200 and 2
              |  ' '  |        $300........be
              |*Add-6 |Payment Reminder
              |*Del- 6|Payment Reminder
  10:19:08    |*Del- 7|GOOD PHONE        :ODBC-Diary:08/10/22
              |*Add-7 |GOOD PHONE
              |*Del- 15|HOT-CONTACT DEBTOR
              |*Add-15 |HOT-CONTACT DEBTOR
              |*Del-602|HOT SKIP LOCATE      :ODBC-Diary:08/07/31
  10:20:10    |*Payschd|Promised first $200.00 on 2008/11/30
              |  ' '  |        Followed by 1 monthly payments of $300.00
              |  ' '  |        and a final payment of $300.00 on 2009/01/30
  10:25:42    |*Claim |Claim:2 Fields Modified 7 Fields Added
       RJJ    |       |
  14:30:15    |CGB    |14:30 lmom 3884
        RT    |       |
  15:29:40    |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 11/20/2008 - 714/742-3884
11/28/08 A37  |       |
  07:05:42    |20     |Collection            CBP-16473-4706        $200.00
        CG    |       |
  10:35:28    |BtchRmit|TA #:058490 in Rmit Rpt#:058699            $200.00
12/03/08 JCC  |       |
  10:53:23    |xcd    |Called Debtor - See Notes   ph 1 and ph 2 lft msg on
              |  ' '  |        mach....ph 714-775-0839lft msg on vm......be
       A37    |       |
  12:17:35    |20     |Collection            NOACCT58490      -$200.00
        IC    |       |
  15:59:18    |Xnsf   |NON SUFFICIENT FUNDS
```

```
12/08/08 JCC|         |
 13:32:01   |xcd      |Called Debtor - See Notes   ph 1 lft msg for cb
            |  ''     |      asap......ph 2 lft msg for cb....ph 714-775-0839
            |  ''     |      bzy......be
         CG |         |
 14:16:24   |BtchRmit|TA #:059225 in Rmit Rpt#:059612              -$200.00
12/10/08 ER |         |
 08:52:43   |xcd      |Called Debtor - See Notes
            |  ''     |      dlr...ph h1 na lmtc on vm...er2324
        JCC|          |
 11:44:28   |xcd      |Called Debtor - See Notes   ph 1 lft msg.....be
         RT |         |
 09:56:14   |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 12/10/2008 - 714/742-3884
12/15/08 A75|         |
 18:28:23   |XCD      |Called Debtor - See Notes   CALLED DBTR AT PHN1 LFT
            |  ''     |      MSG.........CGB
         RT |         |
 19:21:42   |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 12/15/2008 - 714/742-3884
 19:27:00   |*Tstrlmx|TS CALLED RESIDENCE LEFT ME 12/15/2008 - 714/742-3884
12/21/08 MAA|         |
 17:18:24   |XCD      |Called Debtor - See Notes   OBC PHN #1 ADY ANSW SZ VERY
            |  ''     |      UPSET THAT SHE DOESNT KNOW DB SZ TO PLZ RMV PHN
            |  ''     |      SINCE WE HAVE LEFT MESSAGE SEVERAL TIMES.....,AA
 17:24:38   |Cont:    |OBC 2ND PHN BUT NA.....MAA
            |*D1_Phn  |714/742-3884
12/22/08 BDC|         |
 15:12:50   |xcd      |Called Debtor - See Notes
            |  ''     |      714/742-3884 lft mssg..bd
            |*Del-   7|GOOD PHONE
12/29/08 CDW|         |
 12:31:08   |xcd      |Called Debtor - See Notes   12:31 clld 714-
            |  ''     |      clld 714-724-1417 lft mess on
            |  ''     |      mach...................erica
 12:32:44   |*D2_Strt|Added new Information
            |*D2_Csz  |Added new Information
01/05/09 PH |         |
 11:23:06   |*Collctr|Collector #: changed from 132 to 3
01/07/09 ADG|         |
 14:55:22   |AV       |CHECK ALSSI WEBSITE AND SW BLANCA NOT RECV IN
            |  ''     |      THEIR OFFICE, AND CHECK TO COURT WEBSITE NO
            |  ''     |      FILING FOR THIS DEFENDANT, WILL REQ ACCT DEPT TO
            |  ''     |      REVIEW IF CHECK WAS CASHED
01/09/09 JL |         |
 13:57:38   |T585arow|ARROW'S AFFIDAVIT
```

B00005

```
01/14/09 JW |         |
 14:47:55   |Tansxc   |ANSWER TO CROSS-COMPLAINT                        $275.00
            |  ''     |        DATE X-COMPLAINT SERVED:JANUARY 6, 2009
01/15/09 IV |         |
 13:25:02   |Tansxc   |ANSWER TO CROSS-COMPLAINT   JANUARY 6, 2009      $275.00
            |  ''     |        DATE X-COMPLAINT SERVED:JANUARY 6, 2009
01/16/09 JL |         |
 13:27:29   |T585arow |ARROW'S AFFIDAVIT
02/03/09 IV |         |
 11:30:52   |*Claim   |Claim:1 Fields Added
02/23/09 JL |         |
 18:48:11   |*Claim   |Claim:1 Fields Modified
            |*Paralgl |  Paralegal #: Changed from 2 to 43
 21:33:18   |Xmedaffd |RECEIVED CLIENT AFFIDAVITS
02/24/09 JL |         |
 17:21:34   |*Del-531 |REQUEST AFFIDAVIT
```

                              REPORT FILE
              =================================

```
02/25/09 EDI|         |
 21:19:56   |Xscrub   |ASSET, PHONE, AND ADDRESS
            |  ''     |       :NA
```

# BRACHFELD ASSOCIATES.
### A COLLECTION LAW FIRM

RE:
File #:

                    Principal Amount
                    Interest
                    Total Amount Due

Our law firm has been retained to collect from you the Total Amount Due listed above.

If you want to resolve this matter, please either pay the Total Amount Due or call our Law Firm at 888-856-2120 and work out arrangements for payment. If you do neither of these things, we will continue our collection efforts for the collection of this debt.

As of the date of this letter, you owe the total amount due listed above. Because of interest, or other charges that may vary from day to day, the total amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write us or call our office toll free at 888-856-2120.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

| **Send your payments to:** | **Send overnight delivery to:** | **Send Correspondence to:** |
|---|---|---|
| Brachfeld Law Group, P.C. | Brachfeld Law Group, P.C. | Brachfeld Law Group, P.C. |
| P.O. Box 421088 | 800 West Sam Houston Parkway | 20300 S. Vermont Ave |
| Houston, TX 77242-1088 | South, Suite 200 | Suite 120 |
| | Houston, TX 77042 | Torrance, CA 90502 |

UNLESS, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF, WITHIN THIRTY DAYS AFTER YOUR RECEIPT OF THIS NOTICE, YOU NOTIFY US IN WRITING THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, WE WILL OBTAIN A VERIFICATION OF THE DEBT OR, IF THE DEBT IS FOUNDED UPON A JUDGMENT, A COPY OF ANY SUCH JUDGMENT, AND WE WILL MAIL TO YOU A COPY OF SUCH VERIFICATION OR JUDGMENT. IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CREDITOR NAMED ABOVE, THEN UPON YOUR WRITTEN REQUEST WITHIN THIRTY DAYS AFTER THE RECEIPT OF THIS NOTICE WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

NON PROFIT CREDIT COUNSELING SERVICES MAY BE AVAILABLE IN YOUR AREA.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

B00007

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **May 1, 2009,** I served the foregoing document described as: **DEFENDANT ERICA LYNN BRACHFELD'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    (BY MAIL)

I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐    (BY FACSIMILE)
I transmitted via telecopier machine such document to the offices of the addressees.

☒    (Federal)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this **1st** day of **May, 2009** at Los Angeles, California.

Linda Brooks

05868.00:153528

1

## SERVICE LIST
### Catherine Bui v. Erica L. Brachfeld, a Professional Corporation
### 05868.00

2

3    Aidan W. Butler                         **Attorney for Plaintiff:**

       Attorney at Law                        **CATHERINE BUI**

4    3540 Wilshire Blvd.

       Suite 1030

5    Los Angeles, CA 90010

6    Tele: (213) 388-5168

       Fax: (213) 388-5178

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05868.00:153528

EXHIBIT "5"

AIDAN W BUTLER ATTORNEY AT LAW.
3540 WILSHIRE BOULEVARD SUITE 1030
LOS ANGELES CALIFORNIA 90010
TELEPHONE 213 388 5168
FACSIMILE 213 388 5178
TOCONTACTAIDAN@GMAIL.COM

*May 4, 2009*

<u>*VIA FACSIMILE TO (310) 273-9867 AND U.S. MAIL*</u>

David J. Kaminski
**Carlson & Messer**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045

      *Re:*   *Bui v. Brachfeld*
              *CACD Case No. CV08-08297 SVW (FFMx)*

Dear Counsel:

      On Friday, May 1, 2009, I learned from my client that Brachfeld's collection agents have continued leaving messages on my client's and her sister's cell-phones – despite your client's clear awareness that Ms. Bui is represented by counsel. I attached copies of the messages to email to your associate, Larissa Nefulda. It is outrageous that even after your client is sued for violating the FDCPA, her office commits additional violations of the FDCPA – by communicating with a party known to be represented by counsel (in violation of 15 U.S.C. §1692c(a)(1)), and by improperly communicating with a third party (in violation of 15 U.S.C. §1692c(c)). Since your client is an attorney, her continued contacts with my client also violate CRPC 2-100. Given Mr. Brachfeld's past history with the State Bar, it is mind-boggling that he and his daughter should be so careless in their observance of the professional rules.

      In any event, the harassment must stop immediately. If there are any further calls from your client's personnel to my client's family, I will seek injunctive relief.

      Additionally, given your client's willful, egregious and apparently quite malicious conduct, I have rescinded all previous settlement offers in this case.

      On another matter, I have reviewed your responses my client's requests for production and special interrogatories. The responses are universally evasive, factually barren, and – despite my willingness to grant your firm an extension of time to respond – indicative of bad faith. I have outlined the chief problems below. I will expect to meet with you at my office on Tuesday, May 12, 2009, at 1:30 pm to conduct a LR 37-1 pre-filing conference.

      With regard to your response to requests 2 and 11, I do not want to see a "sample of the letter." This is ridiculous. I want to see an actual copy of the letter that you apparently claim was

E:\owen\Bui\kaminski-001.wpd

David J. Kaminsky
Carlson & Messer
May 4, 2009
Page 2

sent.

      With regard to Ms. Brachfeld's "collection notes," they are obviously incomplete. My client and her sister received additional calls from your client's office in April, 2009. None of these calls is reflected in the "collection notes."[1] Although your client's concealment of complete and accurate records is potentially quite self-destructive, I simply will not accept partly purged records. Your client is under a duty to produce complete and accurate responses to the discovery requests.

      Your responses to requests 3, 4, 6, and 7 indicate that you will produce "relevant portions of Erica L. Brachfeld, APC's policies and procedures that concern Plaintiff's claims" only after "an appropriate protective order is entered."[2]  You cannot condition your response to discovery on the existence of a protective order – especially where, as here, you neither proposed nor moved for one prior to producing responses; nor demonstrate any specific basis for seeking one. Should you file a motion for a protective order (which would have to be preceded by a 7-3 conference), the burden would be on you (Blankenship v. Hearst Corp.519 F2d 418, 429 (9th Cir. 1975) ) to make a clear showing of a particular and specific need for the order (Blankenship v. Hearst Corp.519 F2d 418  (9th Cir. 1975)); further, even if you succeed in showing good cause, the court will still balance the interests in allowing discovery against the relative burdens to the parties (Wood v. McEwen 644 F2d 797 (9th Cir. 1981)).  Let's be frank: There is no legitimate basis for a protective order in this case; this is a delaying tactic.

      With regard to your response to request 9, seeking any and all insurance policies under which there may exist coverage for Plaintiff's claim, you responded, "Defendant has not made a claim to any insurance carrier arising out of Plaintiff's claim." I did not ask whether Ms. Brachfeld made a claim; I asked for a copy of any responsive policies.

      Please refer to my email to Larissa Nefulda from last Friday, May 1, 2009: ". . . you have not provided a copy of the insurance policy which potentially covers my client's claim. We are entitled to this under rule 26, irrespective of whether Brachfeld has filed a claim on the policy or not.  If I do not receive a complete copy of the policy (including the declarations page) by next

---

  [1] Though I note that your "collection notes" do reflect one call which occurred after I faxed and mailed my December 23, 2008 letter to Ms. Brachfeld, indicating my representation of Mr. Bui, and instructing her not to contact my client directly anymore. The call is dated December 29, 2008, and was recorded on the system by "Erica."

  [2] A similar evasion was made in response to several of the interrogatories.

E:\owen\Bui\kaminski-001.wpd

David J. Kaminsky
Carlson & Messer
May 4, 2009
Page 3

Friday, I will file a motion to compel compliance with rule 26."

Under both request 9 and Fed. R. Civ. Proc. 26(a), you are required to produce copies of any and all insurance contracts that may provide coverage. It is immaterial whether claims have yet been made. The rule is simple: "Any liability insurance policy that may be used to satisfy a potential judgment (including counterclaims and cross-claims) must be made available for inspection and copying as part of the insured party's (defendant's) initial disclosures (Fed. R. Civ. Proc. 26(a)(1)(A)(iv))"; "Such liability insurance policies, including all exhibits, addenda and the declaration page, must be made available for inspection and copying by plaintiffs without the necessity of a formal discovery request." (Fed. R. Civ. Proc. 26(a)(1)(A)(iv).)" (Schwarzer, et al., Cal. Prac. Guide: Federal Civ. Proc. Before Trial (Rutter Group, 2009), ¶11.290.) In this case, even with a formal, direct discovery request, you have attempted to avoid your discovery obligations. I am extremely disappointed by this gamesmanship.

Your response to request 15 – seeking all documents identified in Brachfeld's interrogatory responses – was obviously incomplete. The response to interrogatory number 9 refers to a "Credit Card Finance Agreement," which was not produced.

With regard to interrogatories 2 and 7, and request for production 5, all relating to past litigation and insurance claims based upon alleged FDCPA violations, this material is directly relevant to damages, F.R.E. 404(b) issues, Civil Code section 3294 factors, and any possible defense under 15 U.S.C. §1692k(c). It must be produced.

Your response to interrogatory 5 was seemingly incomplete. In your response to interrogatory number 9, you set forth the "principal debt" alongside the interest calculation of $2,279.67. These figures are not reflected in the "collection notes." They must be available to you in some other document – seemingly, one supplied by the creditor. What is that document? Why was it not produced?

Your response to interrogatory 6 was incomplete. You provided only names, but the interrogatory required also "aliases, job titles, business and home addresses and telephone numbers, date of initial employment and date and reason for termination."[3]

Your response to interrogatory 11 is evasive. You object that the question is "not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims

---

[3] Contact information for these people was also omitted from your initial disclosures, despite the clear language of 26(a)(1)(A)(i).

David J. Kaminsky
Carlson & Messer
May 4, 2009
Page 4

and Defendant's defenses," but this is simply wrong.   Whether other potential defendants exist is directly relevant to my client's claims.  Further, given Ms. Brachfeld's improper general denial, it seems quite plausible that she now seeks to pin the blame for the misconduct in this case on some other person or entity.

On the topic of Ms. Brachfeld's improper general denial, as I previously mentioned to Ms. Nefulda, the answers prepared by Ms. Brachfeld when she was *in pro se* did not comply with the rules.  In my January 23, 2009, letter to Ms. Brachfeld, I wrote:

> *I have received your answers (one filed on your own behalf, and one filed on behalf of your professional corporation).  Neither answer conforms to Fed. R. Civ. Proc. 8(b), which provides, at subparagraph (3), "A party that intends in good faith to deny all the allegations of a pleading — including the jurisdictional grounds — may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." [¶] It is extremely unlikely that you intend – in good faith – to deny, for instance, my allegations regarding jurisdiction (¶1), or my allegations regarding the nature of the parties (¶¶2, 3), or my allegation that you and your company constitute debt collectors within the meaning of 15 U.S.C. §1692a(6).  Accordingly, your general denial is improper.*

Despite repeated assurances that the answer would be amended to comply with the Rules, this has not yet been done.   Accordingly, our May 12, 2009, 37-1 conference will also serve as a 7-3 conference regarding my anticipated motion to strike.

Note that the foregoing does not exhaustively address each and every defect in your discovery responses, but rather sketches an overview.  We will address the responses in detail in our in-person meeting.

Very sincerely,

AIDAN BUTLER

E:\owen\But\kaminski-001.wpd

```
┌─────────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT            │
└─────────────────────────────────────────────┘
```

```
                                    TIME  : 05/04/2009 17:02
                                    NAME  : AIDAN BUTLER ESQ
                                    FAX   : 2133885178
                                    TEL   : 2133885168
                                    SER.# : BROH6J525301
```

```
┌──────────────────────────────────────────────────────────────────────┐
│                                                                        │
│   DATE,TIME                        05/04  17:01                        │
│   FAX NO./NAME                     13102739867                         │
│   DURATION                         00:00:49                            │
│   PAGE(S)                          04                                  │
│   RESULT                           OK                                  │
│   MODE                             STANDARD                            │
│                                    ECM                                 │
│                                                                        │
└──────────────────────────────────────────────────────────────────────┘
```

AIDAN W BUTLER ATTORNEY AT LAW

3540 WILSHIRE BOULEVARD SUITE 1030

LOS ANGELES CALIFORNIA 90010

TELEPHONE 213 388 5168

FACSIMILE 213 388 5178

TOCONTACTAIDAN@GMAIL COM

**May 4, 2009**

*<u>VIA FACSIMILE TO (310) 273-9867 AND U.S. MAIL</u>*

David J. Kaminski
**Carlson & Messer**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045

   *Re:* *Bui v. Brachfeld*
     *CACD Case No. CV08-08297 SVW (FFMx)*

Dear Counsel:

   On Friday, May 1, 2009, I learned from my client that Brachfeld's collection agents have continued leaving messages on my client's and her sister's cell-phones – despite your client's clear awareness that Ms. Bui is represented by counsel. I attached copies of the messages to email to your associate, Larissa Nefulda. It is outrageous that even after your client is sued for violating the FDCPA, her office commits additional violations of the FDCPA – by communicating with a party known to be represented by counsel (in violation of 15 U.S.C. §1692c(a)(1)), and by improperly communicating with a third party (in violation of 15 U.S.C. §1692c(c)). Since your client is an attorney, her continued contacts with my client also violate CRPC 2-100. Given Mr. Brachfeld's past history with the State Bar, it is mind-boggling that he and his daughter should be so careless in their observance of the professional rules.